## THE CITY AND SUBURBAN RAILWAY vs. FINDLEY.

1. A carrier of passengers, whether by street cars drawn by horses through the streets of a city, or by cars propelled by steam from city to city, is bound to use extraordinary diligence; and where one is hurt by reason of its carriage, the presumption is always against the carrier. Therefore, where a passenger was hurt in leaving a street car, and his testimony showed that the car started before he completely left it, and there being no conductor, the driver testified that he did not know that the passenger was hurt at all, but that his habit was to stop till all his passengers got off, and that he did so that night, and another witness testified to hearing the exclamation of the passenger to the effect that he was hurt, and on going to him, found him injured where he had attempted to alight, even more than slight neglect was shown; and a verdict against the street car company was supported by the evidence.

2. Newly discovered evidence, the object of which is to impeach the plaintiff as a witness, and which is itself overwhelmingly disproved by many counter-affidavits, does not require a new trial.

3. It is the right and duty of the presiding judge to state to the jury the several contentions between the parties, the only restriction being that he shall state them fairly to each side. He may also sum up the evidence, with a view to the better stating of those contentions practically so as to be readily comprehended by the jury, being careful to withhold any expression or intimation of opinion as to its truth.

(a.) The issues in this case, considered as a whole, were fairly submitted to the jury.

4. While the expression, "all actions of this sort necessarily imply fault somewhere," when taken alone, might be objectionable, as excluding the idea of a mere accident, and would be so if there were any testimony at all that the injury was a mere accident, yet, in connection with its context in this case, it did no harm. The judge, in effect, charged the existence of the presumption of fault against the carrier, and how that presumption could be rebutted by showing fault in the injured person.

5. The charge in respect to the damages which might be recovered was not error, being to the effect that they should not be punitive or vindictive, but such as the jury might believe would compensate the plaintiff for his expense and suffering, physical and mental, for his present condition and decreased capacity to earn a living; that the law permits nobody else to measure damages but them; and that if, by reason of the negligence of the company, the plaintiff was hurt, such damages should be given.

April 6, 1886.

Railroads. Damages. Negligence. Carriers. Street
Railroads. Evidence. Charge of Court. Presumptions.
Before Judge HARDEN. City Court of Savannah. July
Term, 1885.

To the report contained in the decision, it is necessary
to add only the following: The plaintiff testified that, at
the point of his destination, the bell was rung by some other
passenger and the car stopped; that several passengers
got off, the plaintiff being about the last; that he placed
one foot on the ground, the other being on the step, when
the car started and threw him to the ground, breaking
his leg at the thigh and permanently injuring him; that
the car had no conductor, and that the injury occurred
about eight o'clock in the evening. "As I stepped in this
position, I had hold of the hand-railing, intending to step
straight off and put my left foot on the ground at a place
where there was a little rising of ground nearly level with
the step. As I stepped off, I either let go this railing or
turned the wrong way. If I had known the car was going
to start, I might have saved myself falling."

The other testimony is sufficiently stated in the de-
cision.

The jury found for the plaintiff $1,500. The defendant
moved for a new trial on the following grounds:

(1)–(3.) Because the verdict is contrary to law and evi-
dence.

(4.) Because the defendant has discovered evidence
since the trial of the case not known to its officers or at-
torneys before the trial, not for want of due diligence. [The
evidence was contained in the affidavit of Benjamin S.
Heape, attached to the motion for new trial, to the effect that
the plaintiff had stated, previously to the bringing of the
suit, that the injury of which he complained was caused
by a fall from a horse.]

(5.) Because the verdict is excessive.

(6.) Because the court erred in charging the jury as fol-

lows : " His (plaintiff's) theory of his case, that which he endeavors to establish before you, is that, on the fourth of December (Tuesday), 1883, between 7 and 8 o'clock, somewhere between 7 and 8 o'clock in the afternoon, on the corner of the junction of Abercorn and Broughton streets, he entered the street car, run by the City and Suburban Railway Company, on the line of Abercorn and Anderson streets; that the car was of that class of cars which are called non-conductors, having a driver, who was in general charge of the car, to collect fare, and a box into which fares were to be put; that is, the fares were to be placed in the box; that he was going to see the exhibition, which was located on south side of Anderson street, and that there were a number of other passengers on the car, and that when the car reached the place in the city where the exhibition was, it stopped and the passengers dismounted; that he was the last, or about the last, to dismount, and that he started out of the car, the car being stationary; that he stepped out, with the left foot, on the left side of the car, stepping off the way the car was heading, and as he placed the left foot on the ground, and before he could move the right foot from the steps, the car started forward, and in so doing, threw him to the ground, dislocating and breaking his hip and causing him injury, from which, he alleges, it is impossible for him to recover, and one which has done him very grievous injury. That is his theory of the case; whether he sustained it by fact or evidence or not, is for you to say."

(7.) Because the court charged the jury as follows : ' The defendant company answers and says : ' You have been injured, as it appears; we don't deny that, but we do deny that you have been injured by our fault. You are yourself to blame for the way in which you have been injured, because we have a car of a good and safe style of car, one that is habitually used and is as safe as any other car of its class. The car was in good order, and had a step for you to get off. The conductor examined and saw

everybody off the car, yourself included, and then he started forward; and if you fell at that time and place, it was your own fault and not the conductor's'. That is the theory of the defendant; or else, if you had not gotten entirely off the car, you got off the car after it started, and getting off the car while it was in motion was carelessness on your part, and in that way you were responsible; or if it was not done in that way, there is no way in which it could be done, because, except by some accident, it is impossible to have caused that fall; the said company was in the exercise of all ordinary care and prudence in the protection of its passengers and in the management of its road. Now then, whether that is true or not is a question for you to determine from the evidence. That is a fair statement of the two sides of the case."

(8.) Because the court charged as follows: "All actions of this sort necessarily imply fault somewhere."

(9.) Because the court charged as follows: "You are to pay him what you would consider damages that would compensate him. Not vindictive or punitive damages; nothing to punish the company, or be a warning to them, but such damages as will, in your opinion, compensate him for the expense and suffering undergone, physical and mental, for his present condition, for his decreased capacity to earn a living. In other words, such damages as, in your opinion, will compensate him for the injury received."

(10.) Because the court charged as follows: "If there was a failure to use that ordinary care and diligence, and the driver was guilty of any negligence in this matter, then you would give such damages."

(11.) Because the court charged as follows: "The law does not permit any man to estimate the damages, the power of which is exclusively for the jury, who must estimate damages at so much as they think proper."

The motion was overruled, and the defendant excepted.

The City and Suburban Railway *vs.* Findley.

Lester & Ravenel, for plaintiff in error, cited, on negligence : Code, §3033. As to stating contentions of parties? Code, §3248 ; 40 *Ga.*, 291 ; 71 *Id.*, 644. As to assumption of facts in charge : 60 *Ga.*, 185 ; 64 *Id.*, 57.

J. R. Saussy, for defendant, cited on negligence : Code, §§2066, 2067, 3033 ; 61 *Ga.*, 215 ; 55 *Id.*, 126 ; 62 *Id.*, 566 ; 73 *Id.*, 513. On question of fact : 137 Mass., 210 ; 51 Am. R., 239. On newly discovered evidence : 54 *Ga.*, 180 ; 70 *Id.*, 722, 724, 119 ; 55 *Id.*, 169 ; 56 *Id.*, 84, 363, 401, 545 ; 68 *Id.*, 612 ; 69 *Id.*, 60 ; 57 *Id.*, 329, 608 ; 60 *Id.*, 210.

Jackson, Chief Justice.

Findley sued the City and Suburban Railway Company for injuries occasioned by the negligence of its servants in running the car, he being a passenger thereon. The jury gave him a verdict for $1,500.00, and on a motion for a new trial being denied, the Railway Company assigns error on the several grounds taken in its motion.

1. The first, second and third grounds proceed upon the averments that the verdict is contrary to the evidence and to law.

On a very careful reading of all the evidence in the record, we are very clear that the verdict is supported overwhelmingly by the evidence, if indeed it be not demanded by it. The plaintiff swears positively to the manner in which he was hurt. As he stepped off the car, with one foot on the ground and the other on the steps of the car, the driver drove off, which gave him a jerk, threw him on the ground and dislocated his hip, broke his leg right there— to use his own language. The man who helped him up, living or doing business near by, heard his exclamation, "I am hurt," and went to his help and took him into his shop. He saw where he was hurt, right where he landed from the car, but did not see how it was done. The fact that he was laid up many months in the hospital, sunered

much, is permanently disabled and incapacitated for his calling and business, is overwhelmingly proved.

The only evidence to the contrary, that he was hurt by the negligence of the driver, is that of the driver, and it is very unsatisfactory. He knew nothing at all about the disaster. His habit, he says, was to stop till all got off, and on this occasion, on that night, he did so ; he adds, after stating that he knew nothing about the hurt of a passenger right at the car, though a man in his shop or store heard his exclamation of distress. *Central Railroad vs. Sanders*, 73 *Ga.*, 513.

When it is considered that extraordinary diligence is that required of the carrier of passengers, as well on a street car as on regular cars propelled by steam from city to city ; that when one is hurt by reason of its carriage, the presumption is always against the carrier; and that the only evidence of having used even ordinary care in landing his passenger is from the driver (whose business it was, there being no conductor, to see his passenger safely landed before he started, after stopping to let him land), who testifies that he did not know of the hurt of the passenger at all, though the evidence is certain that he was there hurt, but that his habit was to stop till all got off, and that he did so that night. How can it be said that the verdict is not supported by evidence enough for it to rest upon? Doubtless the driver may have thought he saw all off, but he did not leave his post a moment; he evidently looked back in the car and saw nobody there, and thinking that all were landed, started the horse, and the man was crippled.

This is the truth, and it reconciles all the evidence. When the driver looked back, the plaintiff was on the step with one foot, and on the ground with the other, and the driver did not see him, and hence did not know even that he fell there and was hurt there. Is this extraordinary diligence? Was not the driver slightly neglectful? It seems so to us, as it seemed from the charge of the presiding judge, we gather, to him, to be much more than slight

neglect, to-wit, the higher degree of ordinary neglect. See Code, §§2061, 2062.

That a carrier is bound to extraordinary diligence in carrying passengers, and that slight neglect only fixes responsibility upon them, see Code, §2067; and that this rule applies to street railway carriers, see *Holly vs. The Atlanta Street Railroad*, 61 *Ga.*, 215.

Therefore this verdict is supported by the evidence and sustained by the law.

2. The deposition on which the company relies as newly discovered evidence as the basis for a new trial is overwhelmingly disproved by many counter-affidavits, and besides, goes to the impeachment of the plaintiff as a witness. Possibly the latter might not be sufficient to destroy its force, as it is the sayings of the party that the affiant narrates, but the fact that it is disproved by facts beyond doubt, sworn to by many affiants, does utterly annul its force. *Wallace vs. The State*, 70 *Ga.*, 722.

3. The presiding judge has the right to state to the jury the several contentions of the parties. Indeed, it is his duty to do so. The only restriction upon it is that he state them fairly to each side. He may sum up the evidence, being careful to withhold any expression or intimation of an opinion of its truth, with a view the better to state those contentions practically so as to be readily comprehended by the jury. These issues seem to us to have been fairly put to the jury, considered as a whole. They embrace many sentences and long paragraphs, some of which might perhaps be criticized if segregated, but in case any portion were assailed as erroneous, the rule is that such error should be specified, which is not done here. Therefore, the first and second grounds of the amended motion were properly overruled, and cannot work a new trial here.

4. Error is assigned upon this charge, " All actions of this sort necessarily imply fault somewhere." Taking this extract from the charge by itself, and it might be objection-

able as excluding the idea of a mere accident. If there were any testimony at all that it was a mere accident, it would be. But in connection with the context, it does no harm. The judge was upon rebuttal of negligence. The paragraph above that excepted to is, after stating what would rebut this presumption, " the presumption of negligence will be rebutted." Then follows, " All actions of this sort imply negligence somewhere. If the railway company is without fault, then the railway company cannot be held responsible. If the railway company is at fault, if it did not exercise all reasonable and ordinary care and diligence, then the railway company should be made to pay damages, unless you should find that the plaintiff, by the use of ordinary and reasonable care and diligence on his part, could have avoided the accident." So that the mind of the judge was on the presumption of fault in the company by the statute in all these cases—actions of this sort, and how that presumption could be rebutted by showing fault in the plaintiff. Somewhere it must be; for the law puts it, fixes it, on the company, until it shows no fault in itself or fault in the plaintiff.

5. The 4th, 5th, 6th and 7th grounds all relate to the charge on damages. It is to the effect that they should not be punitive or vindictive, nothing to punish or warn the company, but such damages as the jury believe would compensate the plaintiff for the expense and suffering, physical and mental, for his present condition and decreased capacity to earn a living; that they should pay him such as they believe would compensate him of course for what is said above; and that the law permits nobody else to measure damages but themselves; and that if by reason of the negligence of the company in this matter plaintiff was hurt, such damages should be given. We see nothing to hurt the company in the charge to this effect. In connection with all the charge, and read in the light of the rest of it, it is good law and certainly not hurtful to the company. The charge is favorable to it all the

way through, and erroneous as against the plaintiff on the question of diligence towards a passenger. The damages are reasonable and the result proper and legal.

Judgment affirmed.