31831.   RHODES *v.* THE STATE.

DECIDED MARCH 19, 1948.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General, Casey Thigpen,* contra.

MacINTYRE, P. J.   ■   Associate counsel for the State contends that the writ of error should be dismissed, "Because pauper affidavit relied upon by plaintiff in error to avoid payment of cost is a nullity.   Pauper affidavit was executed on September 27, 1947, and bill of exceptions was not certified until October 1, 1947, and not filed until October 3, 1947.   A pauper affidavit made prior to bill of exceptions being certified is void;" and cites *Swain* v. *State,* 8 *Ga. App.* 410 (69 S. E. 310).

"An affidavit in forma pauperis, under the Code, §§ 6-1002 (2), 24-3623, for the purpose of bringing a bill of exceptions to this court, can not properly be filed in the trial court until after the rendition of the judgment, a review of which is sought." *Owens* v. *Owens,* 189 *Ga.* 338 (1) (5 S. E. 2d, 883). "The execution of such an affidavit before the rendition of the judgment excepted to will not relieve the plaintiff in error from the payment of the costs, and this is so for the reason that there is nothing upon which a pauper affidavit thus prematurely filed can lawfully operate." *Craig* v. *State,* 108 *Ga.* 776 (33 S. E. 653); *Swain* v. *State,* supra.

Upon a careful reading of the cases, supra, we think that the rule for determining in the instant case whether the pauper's affidavit was prematurely filed is not when the bill of exceptions was certified and filed, but when the motion for a new trial was overruled, which is the date of the rendition of the judgment a review of which is sought. The motion for a new trial was overruled on September 20, 1947, and the pauper's affidavit was executed seven days thereafter on September 27, 1947.

It thus seems that the pauper's affidavit, having been executed after the rendition of the judgment excepted to, was not prematurely executed, and that the writ of error is not subject to dismissal on the ground urged. The motion to dismiss the writ of error is denied.

■ The material part of the indictment states: "Jim Rhodes . . the said accused . . did unlawfully, wilfully, and voluntarily abandon his children, to wit Betty Elizabeth Rhodes and Patracia Caroline Rhodes, leaving them in a dependent condition, contrary to the laws of said State, the good order, peace and dignity thereof."

The accused made a motion to quash the indictment, "upon the ground that said indictment did not allege the ages of said children and did not allege that the children so alleged in said indictment to have been abandoned were minor children." The court overruled the motion to quash.

The rights and obligations arising from the relationship of parent and child are reciprocal. The parents have upon the one hand in general the right to the custody and control of the child and his services and earnings, although the legal rights of the

parent are not absolute; and on the other hand the general duty to support, educate, and protect the child rests with the parent. 46 C. J. 1220, § 2.

In *Ellis* v. *Hewitt*, 15 *Ga. App.* 693, 695 (84 S. E. 185), the court quoted from Nightingale *v.* Withington, 15 Mass. 272 (8 Am. D. 101), as follows: " 'The father, and in case of his death the mother, is entitled to the earnings of their minor children. This right must be founded upon the obligation of the parent to nurture and support their children; which obligation is compensated by a right to their services.' "

The right of a father to the custody and the value of labor and services of his minor child is said to arise as a consequence of his obligation for its support and maintenance. 2 Kent's Com. 193.

In general, when a child reaches the age of twenty-one, his full civil rights are accorded him in this State, and then he, and not his parents, is entitled to his earnings.

Be that as it may, when we consider the evil that the law was endeavoring to reach, the word "child" in connection with the general composition of § 74-9902 of the Code of 1933, as amended by the act of 1946 (Ga. L. 1946, pp. 63, 64; Code, Ann. Supp., 1947, § 74-9902), under which the indictment is drawn—such section being as follows: "If any father . . shall wilfully and voluntarily abandon . . his child, leaving it in a dependent condition, he . . shall be guilty of a misdemeanor. . . A child thus abandoned by the father . . shall be considered . . in a dependent condition when the father . . charged with the offense does not furnish sufficient food and clothing for the needs of the child."—it is clear that the word "child" denotes that class of children under the age of majority. Garrison *v.* State, 15 Ala. App. 596 (74 So. 726); *Thompson* v. *Georgia Ry. & Power Co.,* 163 *Ga.* 598 (136 S. E. 895); *Gay* v. *State,* 105 *Ga.* 599, 605 (31 S. E. 569, 70 Am. St. R. 68); Wade *v.* State, 24 Ala. App. 176 (132 So. 71); State *v.* Flath, 59 N. D. 121 (228 N. W. 847).

We think that the indictment alleged a violation of the Code of 1933, § 74-9902, as amended (supra), in the language of the acts from which it was codified, together with the other necessary allegations, with sufficient clearness to enable the defendant to prepare his defense and the jury to understand clearly the nature of the offense; and the indictment is exact enough to protect

the defendant from a second jeopardy. The indictment was not subject to the motion to quash on the grounds urged. *Hawkins* v. *State*, 58 *Ga. App.* 386, 387 (198 S. E. 551) ; *McGinty* v. *State*, 59 *Ga. App.* 675 (2 S. E. 2d, 134).

■ It seems to us that special grounds one and two, which were exceptions to the exclusion of evidence, are based upon the proposition that it was error to exclude evidence intended to show that the grandparents were caring for the children of the defendant. In other words, the fact that the grandparents were caring for the children of their son, the defendant, was offered as a defense to the prosecution of the son, the father of the children, under the Code of 1933, § 74-9902, as amended by the act of 1946 (Ga. L. 1946, pp. 63, 64; Code, Ann. Supp., 1947, § 74-9902).

The ruling of the judge in these two grounds, excluding evidence which was offered for the purpose of showing that the children were being supported by their paternal grandparents, was not erroneous. The fact that the children were being cared for by the paternal grandparents, or other relatives, or the charity of strangers, does not prevent a criminal prosecution of the father for wilfully and voluntarily abandoning his minor children and leaving them in a dependent condition by failing to furnish such children with sufficient food and clothing for their needs under the Code (Ann. Supp.), § 74-9902 (supra). *Daniels* v. *State*, 8 *Ga. App.* 469 (1) (69 S. E. 588) ; *Chandler* v. *State*, 38 *Ga. App.* 362 (144 S. E. 51) ; People *v.* Howell, 214 Ill. App. 372; 10 Uniform Laws, Annotated 13, 16, 27.

■ Special ground three states that the court should have charged the jury substantially as follows: "There are two elements in the offense of abandonment: (1) desertion of the children, that is, the wilful forsaking and desertion of the duties of parenthood; and (2) dependency of the children, that is leaving the children in a dependent condition; and both of these elements must be present to complete the offense."

The court charged the definition of an abandonment of a child by the father in the language of the Code as follows: "Gentlemen, I read you section 74-9902 of the Code of 1933: If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor.

A child thus abandoned by the father shall be considered to be in a dependent condition when the father does not furnish sufficient food and clothing for the needs of the child. Now, gentlemen, this is the section that the defendant is charged with violating. You take the case and try to find out the truth of it. That is the object of all legal investigation, the discovery of truth."

This states plainly the essential elements of the crime of abandonment of a child in language which the jury could easily understand. There was no request to charge, and this ground is not meritorious. *Cannon* v. *State*, 53 *Ga. App.* 264, 267 (185 S. E. 364).

■ Special ground four in effect complains that, while the court embraced in its charge the general principles applicable to the facts of the case, the court should have gone further and embodied additional definitive or explanatory instructions.

If any amplification of the general principles, which the charge contained, had been desired, they should have been made the subject of appropriate and timely written requests. *Sherrer* v. *Holliday*, 165 *Ga.* 413 (141 S. E. 67); *Tabor* v. *Macon Railway & Light Company*, 129 *Ga.* 417 (59 S. E. 225). The assignment of error in ground five is not meritorious.

■ The evidence authorized the verdict.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*