33671.   KIRKLAND, by guardian ad litem, *v.* WHEELER.

Decided July 16, 1951.

354

John M. Slaton, J. Hugh Rogers, for plaintiff.
Andrews, Nall & Sterne, for defendant.

GARDNER, J. ■ While the evidence was in conflict, there was evidence tending to support the contentions of the plaintiff, as amended, except that there was no direct evidence as to the speed of the automobile and certain other grounds of alleged negligence, such as failure to apply the brakes. However, there was evidence from which the jury could infer that the defendant, Tommie Kirkland, was negligent in the operation of his car in failing to have it under proper control and in not seeing the plaintiff making said turn directly in front of him, a sufficient distance away to have permitted him to have avoided striking her. There was sufficient evidence for the jury to consider concerning the plaintiff's injuries and the extent thereof, as set up in the petition as amended, and that she suffered physical pain when struck by the car driven by the minor defendant, under 16 years of age, and also as to the other items of damage claimed. There was evidence that it had rained that afternoon but was not raining at the time. The jury were authorized to find that the defendant, had he been in the exercise of proper care in keeping a lookout ahead of him, could have seen the plaintiff making said left turn, and that she held her hand out, indicating her intention, a sufficient length of time.

The plaintiff was not guilty of negligence as a matter of law in making said left turn into said parking area under the circumstances of this case. See O'Dowd v. Newnham, 13 Ga. App. 220 (80 S. E. 36); Eubanks v. Mullis, 51 Ga. App. 728 (181 S. E. 604). The defendant had no right to assume that the road in front of him was clear of traffic which might be crossing over to the parking place, but was under a duty to keep a vigilant lookout ahead for traffic. See Claxton v. Hooks, 68 Ga. App. 383 (23 S. E. 2d, 101).

Questions of negligence, diligence, contributory negligence,

and proximate cause are for the jury, and a court should not take the place of a jury in determining them, except in plain and indisputable cases. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112). This was not such a plain and indisputable case as to the alleged negligence as should have been determined by the court, and a verdict was not demanded for the defendant.

While some of the grounds of negligence alleged in the petition as amended may not have been sustained by direct proof, there was enough evidence to authorize the jury to find that the defendant did not have his automobile under proper control and, that had he kept a proper lookout ahead, he could have avoided striking the plaintiff's car.

There being evidence to support the verdict in favor of the plaintiff, the court did not err in overruling the defendant's motion for new trial on the general grounds.

■ Special ground 1 is but an amplification of the general grounds and sets out that the verdict was grossly against the testimony of four disinterested witnesses and was contrary to law and to the evidence. This ground is without merit. The evidence presented a jury issue and the verdict for the plaintiff was authorized and not contrary to law.

■ It is urged by the defendant in special ground 2 that the verdict was so excessive as to show bias and prejudice on the part of the jury. The verdict was for $5000, and the plaintiff's evidence tended to show that she suffered severe and painful bodily injuries, some of which may prove permanent, and that she has been under the constant care of a physician, who testified in the case in her behalf as to her injuries. From the nature and extent of these injuries and the pain and suffering which the plaintiff claims to have suffered and still suffers, this court does not feel disposed, after a careful examination of the facts in the record, to hold as a matter of law that this verdict was excessive to such an extent as to show bias and prejudice on the part of the jury and to require the grant of a new trial.

■ In special ground 3 of the motion for new trial, the defendant insists that the court erred in charging the jury that: "In paragraph 6 of the petition of Mrs. Frank Wheeler she alleges that the said Tommie Kirkland was driving said auto-

mobile at the fast, reckless and negligent rate of speed of about sixty miles per hour," for the reason that there was no evidence that the defendant was driving said automobile at such speed or at any reckless and fast or negligent speed. The defendant says that thereafter in his charge the court instructed the jury to look to the pleadings to determine the contentions of the parties, and the effect of such charge was to instruct the jury that there was evidence to that effect, from which the jury might find in favor of the plaintiff's declaration.

The defendant contends that under the decision of this court in *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (2) (84 S. E. 493), a new trial is demanded because of this charge. In that case this court said "Where a paragraph in a petition alleges gross carelessness and wanton and wilful disregard of life and property because of certain specific facts therein stated, and there is no evidence whatever introduced which tends to sustain such allegations, it is error on the part of the court to read to the jury that portion of the plaintiff's petition."

While there was no evidence that the defendant was traveling 60 miles an hour at said time and place, the jury could have determined under the facts that had the defendant operated his automobile at a reasonable and safe speed, he would not have run into the automobile being driven by the plaintiff.

In *Armour & Co.* v. *Roberts,* 63 *Ga. App.* 846 (12 S. E. 2d, 376), it was ruled by this court that: "In charging the jury it is not reversible error for the court to state correctly the contentions as made by the allegations of the parties, or give them by a narrative reading of the allegations of the petition, even though some of the contentions in either instance be unsupported by the evidence." This court cited the *Americus Gas & Electric Co.* case, supra, and considered same in making the foregoing ruling, which is supported by decisions of the Supreme Court and of this court. In the *Roberts* case, this court quoted from the ruling in *Matthews* v. *S. A. L. Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097), as follows: "While it is erroneous for the trial judge to submit to the jury an issue not arising under either the pleadings or the evidence, still it is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though

there be no evidence, or insufficient evidence, to support the contention. The well recognized proposition that error cannot be successfully assigned on a refusal to direct a verdict is merely a corollary of this general proposition." This court in the *Roberts* case, supra, then held: "We think this is the same rule, that it is error, but not reversible error, and we think a study of the earlier decisions will disclose that they do not contradict the sound principle as announced in the *Matthews* case. There is a distinction between error and reversible error."

In *Jones* v. *Hogans*, 197 *Ga.* 404, 411 (29 S. E. 2d, 568), the Supreme Court ruled that: "Under our system of jurisprudence it is the right and duty of the presiding judge to state fairly and impartially to the jury the contentions made between the parties litigant (*City & Suburban Ry.* v. *Findley*, 76 *Ga.* 311(3)), and to instruct them upon the principles of law applicable thereto, the only restriction being that in so doing he shall make no intimation as to what has or has not been proved. Code, § 81-1104. The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence. . . Another general rule, the converse of the one just stated, is that an instruction as to law on a material issue, unauthorized by the evidence, is improper, and, if it is not apparent that the jury could not have been misled thereby, is cause for a new trial. *Citizens & Southern National Bank* v. *Kontz*, 185 *Ga.* 131 (6) (194 S. E. 536). However, as stated by this court in *Atlanta, Knoxville & C. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (8), 93 (49 S. E. 818): 'It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contentions.' Accordingly it was held by this court in *Robertson* v. *Abernathy*, 192 *Ga.* 694, (4a), 698, (16 S. E. 2d, 584), that in charging the jury it is not reversible error to merely state correctly the contentions made by the allegations of the pleadings, even though some of them might not have been supported by the evidence." The court in that case considered and cited *Americus Gas & Electric Co.* v. *Coleman*, supra, and also *Armour & Co.* v. *Roberts*, supra, along with other decisions. See also *Barbre* v. *Scott*, 75 *Ga. App.* 524 (43 S. E. 2d, 760).

The court in the case at bar charged the jury in narrative

358

358

form as to all of the contentions of the parties, reading from the pleadings. He then charged that the pleadings were not evidence and were not to be so considered, but contained simply the contentions of the parties. The court then instructed the jury that "the burden rests upon" the plaintiff "to establish to your satisfaction, by a preponderance of the evidence, that the allegations which she makes in her petition are true, except such allegations as may be admitted by the defendant in his plea and answer thereto." The court instructed the jury that the plaintiff "in order to recover, is not required to prove every act or omission of negligence as presented in the . . petition. If he or she shows by a preponderance of the evidence that some one or more of said acts or omissions were the proximate cause of the injury complained of and that the defendant was negligent therein," the plaintiff would be entitled to recover unless the right of recovery is barred "under instructions which will be hereinafter given in charge."

Applying the foregoing, we do not think this ground shows any error, certainly not reversible error.

■ In special ground 4 of the motion for new trial, the defendant complains of the following charge: "In paragraph 10 of the petition, she alleges that the injuries to her neck and nervous system are permanent and she will continue to suffer so long as she lives in great physical pain and mental anguish on account thereof." The defendant contends that this charge was error because there was no evidence to sustain the allegations of this paragraph and the jury were misled thereby. This ground is controlled by the ruling in division 4 hereof. Besides, there was evidence to support this charge. When the plaintiff was struck by the car driven by the defendant there was evidence that she sustained severe personal injuries, including injury to her neck. The plaintiff testified that she went to Dr. Myers, who examined her, and sent her to the hospital on account of the injuries found. She further testified that her nerves were in a disordered condition and that she suffered and still suffers from her injuries. She testified as to three trips to the hospital on account of her injuries, each time remaining several days for treatment. She testified that she suffers "dreadfully with her neck." From the evidence it cannot be

held that the foregoing charge was not without evidence to sustain it. However, as we have seen, the court was merely stating the contention made by her in the 9th paragraph of her petition.

■ The defendant contends, as complained of in special ground 5 of the motion for new trial, that the court erred in not charging the jury "to the effect that the failure to produce witnesses by a party having knowledge of essential facts and the witnesses being accessible to the plaintiff, the jury may presume that the testimony would have been adverse to said party." There was no request so to charge. The defendant contends that the plaintiff could have produced three physicians as witnesses, who attended her and knew of her previous ailments, and did not do so. Under the facts of this case, no error appears from this ground. There was ample evidence as to the plaintiff's injuries and as to her pain and suffering. It is not shown that these witnesses would have testified adversely to her. One of the doctors attending the plaintiff, after her injury, and who sent her to the hospital, was produced and testified in her behalf to the effect that she had sustained the injuries of which she complained. Furthermore, a pre-existing physical ailment may be aggravated by a subsequent injury.

■ There was evidence of Dr. Myers, for the plaintiff, that the plaintiff had arthritis and that her injuries were traumatic arthritis. The court did not err in charging the jury that the plaintiff set up by amendment that she sustained traumatic arthritis by reason of said accident. Error is assigned on this charge in special ground 6.

■ The error assigned in special ground 7 is covered by the ruling made in the fourth division of this opinion, and no error appears therefrom. Besides, a jury could infer from the fact that the defendant ran into the plaintiff's car, that he did not properly apply his brakes.

■ Under the facts of this case the court did not err in charging the jury that: "The law requires of the defendant . . that he be in the exercise of ordinary care as the particulars charged are concerned." Error is assigned on this charge in special ground 8.

■ There is no merit in the contention of the defendant, as

set out in special ground 9, that the court erred in charging the jury that the law "provides that no person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe." This was a sound and correct abstract principle of law and, under the facts, was applicable. The jury could have determined from the facts appearing before them that the defendant did not operate said automobile at a speed that was reasonable and safe under the circumstances, or else he could have avoided running into the plaintiff by applying his brakes or otherwise.

The court did not err, as complained of in special ground 9½, in charging that the degree of care after an emergency has been discovered is only that which, under all of the facts of the case, a reasonably prudent man might be expected to exercise, because the court had charged the jury that "the law requires of the defendant . . that he be in the exercise of ordinary care insofar as the particulars charged are concerned." There was no request so to charge.

In special ground 9¾, it is contended that the court erred in charging the jury that if the jury found that the defendant was under 16 years of age and operated the automobile upon the public streets, same would constititue a violation of the law of this State and would be negligence per se, for the reason that the suit ultimately proceeded against this defendant alone, and the only question was whether he was guilty of negligence. The court charged in this connection that it was a question of fact whether or not such negligence, if there was such negligence, was the proximate cause of the injury of which complaint is made. The charge complained of is not harmful to the defendant, under the whole record of this case. The question of proximate cause was submitted to the jury. This assignment of error is without merit.

The charge complained of in special ground 10 of the motion for new trial, that it was the plaintiff's contention that the defendant operated said automobile at an excessive rate of speed and there being no evidence thereof, it was error to so state this contention, does not require the grant of a new trial under the ruling made in division four of this opinion.

The same is true of special grounds 11 and 12 of the motion

for new trial, relative to whether the jury found the defendant guilty of negligence as charged in the petition. The court instructed the jury that the plaintiff could only recover upon the grounds of negligence sustained by evidence and the burden was on the plaintiff to show this by a preponderance of the evidence.

■ There was no error, as contended by the defendant in special ground 13, in the court charging that: "Under the law . . all persons have an equal right to the use of the highways, there is no statute . . which forbids one from turning to the left across the normal lanes of traffic moving in the opposite direction. The rule of law applicable in such a situation is that both parties are required to be in the exercise of ordinary care towards the other and for their own safety." This charge was not error for the reason that the court did not state in connection therewith that the plaintiff was required to hold her hand out in making this turn. This was a correct statement of the law applicable.

■ There was no error in charging the jury that the plaintiff contended that she suffered pain and would continue so to do from the injuries received. Error is assigned on this charge in special ground 14 because there was no evidence that the plaintiff would suffer in the future. There was evidence to support this instruction.

What is held here is applicable to the assignment of error in special ground 15 that the jury might find for the plaintiff on the basis of future pain and suffering. The pleadings and the evidence authorized such instruction.

Special ground 16 complains of this same charge and in that the court stated that whether or not the jury should award damages for future pain and suffering was for the jury to determine. There was evidence, particularly the testimony of the plaintiff and of the physician who testified in her behalf, that her injuries were such as to have caused her pain and suffering and as to cause pain and suffering in the future. There is no error in this special ground.

■ Under the ruling heretofore made, it was not error for the court to charge the jury as set out in special ground 17, to wit: "When you retire to the jury room you will have the pleadings in both of these cases out with you and you will have

a right to refer to them as often as is necessary, and you should refer to them as often as is necessary, in order to acquaint yourself with the contentions of the pleadings in both cases." The defendant contends that such charge was error for the reason that the evidence did not sustain the pleadings as to speed of the defendant's car, or future pain, or Tommie Kirkland's incompetency or his not putting on the brakes properly. This ground is without merit.

■ Under the ruling made in division four of this opinion, there was no error in charging the jury that the petition alleging that the defendant was negligent in driving at the fast, reckless and negligent speed of 60 miles an hour, and the defendant T. A. Kirkland knew thereof, and there was no evidence whatever to support such instruction. T. A. Kirkland w a s stricken as a party defendant. There is no error presented in this, the 18th special ground.

■ It was proper for the court to read over the contentions of the parties as made by their pleadings, for the reasons set forth in division 4 of this opinion. *City & Suburban Ry.* v. *Findley*, supra. Therefore the error assigned in special ground 19 is without merit.

· The same is true of the charge that the jury should examine the pleadings in order to determine and acquaint themselves with the contentions of the parties, on which error is assigned in special ground 20.

■ It was not error, as contended in special ground 21, to permit the son-in-law of the plaintiff to testify that he examined the scene of this collision immediately thereafter and found some debris where the gutter along the highway should be. No harm appears to the defendant from the admission of this testimony under the facts.

■ The court did not err in permitting Frank Wheeler, the husband of the plaintiff, to testify that, immediately upon being notified of· the fact that his wife had been injured in an automobile wreck, he went to where·he was told she was and that they· had just placed· her in an automobile and were driving off with her. This evidence was not inadmissible as hearsay, as contended in special ground 22, the witness stating that when he arrived at this place. the automobile with his wife therein was driving off.

In this ground error is also assigned on other testimony of the husband not connected with the above. While this was not proper subject-matter for this special ground, there was no error presented by this evidence under the facts of this case.

■ Special ground 23. The testimony of the defendant and the two persons in the automobile with him at the time the automobile operated by him struck the car being driven by the plaintiff to the effect that it was not possible to have prevented a collision with her automobile was not improperly rejected by the court. This was a matter for the jury to determine from all the facts appearing before them. This ground is without merit.

■ There was no error, as contended in special ground 24 of the motion for new trial, in refusing, upon request, to charge "that in this case there is no proof of personal injuries from which you can grant damages for personal injuries." Such an instruction would have been error. This ground is without merit.

■ In special ground 25, the defendant insists that the court erred in refusing to charge the following request: "It was the duty of the plaintiff to observe ordinary care and if ordinary care required that she should not make the left turn at the place where she did make such turn, then she was guilty of negligence." This was not a proper request under the record of this case. Besides the charge of the court as a whole sufficiently covered the duty of the jury should they find that the plaintiff did not exercise ordinary care for her own safety and thereby caused her injury. Also, we do not have in this State the contributory-negligence doctrine, and the jury could find both parties at fault, but that the defendant was more at fault than the plaintiff, and the plaintiff would still be entitled to recover. There is no merit in this contention.

■ There was no error, as contended in special ground 26 of the motion for a new trial, in refusing to charge this. request: "Under the law the plaintiff was required to drive on the right side of the road." This was not a correct statement of the law. See 42 C. J. 903, 908; *Roberts* v. *Phillips*, 35 *Ga. App.* 743 (134 S. E. 837); *Phillips* v. *Roberts*, 166 *Ga.* 897 (2) (144 S. E. 651). The plaintiff was entitled to make a left turn

into said parking place, and whether or not she should have done so at said time and place was a question for the jury.

■ The court did not err in failing to charge the following principle, on which error is assigned in special ground 27, to wit: "The driver of an automobile has the right to assume that the road is clear, but must keep a vigilant lookout ahead for pedestrians and traffic, particularly at places where the conditions are such that there are special reasons for anticipating the presence of pedestrians or of traffic." This was a correct statement of the law. However, the charge of the court fully covered generally the law applicable and there was no request to charge this principle. The jury were authorized to find that the plaintiff did keep such lookout and obeyed the requirements of the law by putting her hand out of the window of her automobile to indicate she was going to make said left turn into the parking place.

■ Special ground 28: Under the ruling heretofore made, in division 6, in dealing with special ground 6, there was no error in the failure of the court, particularly without any request therefor, to charge the jury on the presumption arising from the failure to produce evidence, which was in the plaintiff's power to produce. The nature and extent of the plaintiff's injuries were amply supported by her testimony and that of Dr. Myers, and the fact that a physician for the defendant testified that he examined her injuries and they were slight, does not, under the facts of this case, require the charge of such presumption because the plaintiff did not introduce the testimony of the other physicians who attended her at the hospital and prior to her injury as to her pre-existing stomach condition. The nature and extent of the plaintiff's injuries were questions of fact for the jury. There is no merit in this contention.

■ Special ground 29: Under the facts appearing in the record, it was not error, as contended by the defendant, for the court to fail to charge the following written request: "In considering whether Mrs. Wheeler did hold out her arm for a sufficient length of time at a proper distance to warn approaching cars of her intention to turn, you may take into consideration whether it was raining at the time and the condition of the visibility." There was no evidence that it was raining at the

time this collision took place. There was no evidence that the visibility was poor due to mist, fog or rain. This court will take judicial cognizance of the fact that in July at six p. m. there is yet plenty of daylight, unless it is raining, misty or foggy.

■ Special ground 30: There is no merit in the contention of the defendant, set out in this special ground, that the verdict of the jury shows an entire disregard of the charge of negligence in regard to the plaintiff extending her hand, because under her own evidence, "she traveled one-half block while extending her hand and then undertook to seize the steering wheel." It does not appear as a matter of law that the plaintiff failed to exercise ordinary care in this regard to such an extent as to bar her recovery, there being no contributory-negligence doctrine prevailing in this State. This ground is not error for any of the reasons assigned.

■ Special ground 31: The defendant contends in this special ground, that the court erred in not charging the jury that "one not having violated the law is not charged with the duty of anticipating that it will be violated by another." There was no request so to charge. Besides, this instruction was not an applicable charge of the law under the facts of this case. This ground is without merit.

■ Special ground 32: The defendant assigns error in this special ground upon the refusal of the court to charge this request: "If Mrs. Wheeler could have come up Peachtree Road and have turned to the right to stop at Clark's Laundry, whether (where?) it would have been unnecessary to cross Peachtree Road, and if ordinary care would have required such action on her part, occasioned her injury, then I charge you that you may consider whether such action on her part was the lack of ordinary care." This was not a proper request, under the facts of this case. The plaintiff did not have to come up Peachtree Road to come to Clark's Laundry and it was not negligence as a matter of law for her to come down Peachtree Road to said place from where she lived. The point involved in this request is covered elsewhere in the charge of the court. The court did not err in refusing this request.

■ None of the special grounds of the motion for new trial showing error, and the verdict being authorized by the evidence,

it was not error for the court to overrule the motion for new trial of the defendant, as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*