### 19722. MULLINS *v.* THE STATE.

CANDLER, Justice. The defendant in this case was indicted in Harris County. The indictment alleges that he did with force and arms unlawfully, feloniously, and with malice aforethought kill and murder Madie Mullins (his wife) by striking her with an axe. He was convicted of that offense, sentenced to be electrocuted, and his motion for a new trial was denied. *Held:*

1. Since the evidence was amply sufficient to authorize the verdict, there is no merit in the general grounds of the motion for new trial.
2. In his charge the judge gave the following instruction: "Gentlemen, the State has offered evidence to show flight upon the part of the accused. If you find that he fled and that such flight was occasioned by a consciousness of guilt, then that would be a circumstance which you may consider in determining whether or not the defendant is guilty." Abstractly, this instruction was correct. *Barnett* v. *State,* 136 *Ga.* 65 (70 S. E. 868); *Kettles* v. *State,* 145 *Ga.* 6 (88 S. E. 197). It is alleged in special ground 1 of the motion for new trial that the quoted portion of the charge is erroneous because the court failed in connection therewith to also charge: "If he fled but fled for some other purpose other than a consciousness of guilt, then that principle of law would not apply." There is no merit in this ground. The failure to charge a proposition of law applicable to the case cannot be taken advantage of by assigning error on a portion of the charge which is abstractly correct. *Roberts* v. *State,* 114 *Ga.* 450 (2) (40 S. E. 297); *Williams* v. *State,* 120 *Ga.* 870 (2) (48 S. E. 368); *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 787 (8) (49 S. E. 788).
3. Voluntary drunkenness is no excuse or justification for crime. Code § 26-403. Special ground 2 of the motion for new trial alleges that the court erred in failing to charge this principle of law. The evidence and the defendant's statement tend to show that he was voluntarily drunk or drinking when he killed his wife but a failure to instruct the jury that voluntary drunkenness is no excuse or justification for crime was certainly not injurious to him. Hence this ground of the motion is without merit.
4. For the reasons stated in the preceding divisions, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1957—DECIDED JUNE 11, 1957.

*Ray & Owens, Jos. S. Ray, J. Walter Owens,* for plaintiff in error.

*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.