### 38484. LIGHTFOOT v. SOUTHEASTERN LIQUID FERTILIZER COMPANY, INC.

FRANKUM, Judge. 1. The defendant in error raises the question that the bill of exceptions should be dismissed for lack of proper service. However, the record reveals that counsel for the defendant in error signed the following acknowledgment within 10 days after the bill of exceptions was certified and filed: "Due and legal service is hereby acknowledged on the within and foregoing bill of exceptions, copy and all other and further service is hereby waived." This acknowledgment of service is sufficient to give jurisdiction to this court. *Stewart Oil Co. v. Schell,* 212 Ga. 459 (93 S. E. 2d 700).

2. The general grounds of the motion for a new trial are neither argued nor insisted upon and shall be treated as abandoned.

3. Special grounds 1, 2, 3, 4 and 5 of the amended motion for a new trial are incomplete or without merit for one or more of

the following rules of law. "An assignment of error on admission of evidence over objection is insufficient where it does not appear that the ground of objection was stated to the judge at the time the evidence was offered." *Luke v. State*, 183 Ga. 302 (1) (188 S. E. 542). Nor is an assignment of error complaining of the admission or rejection of testimony sufficient which does not name the witness whose testimony was admitted or rejected. *Underwood v. State*, 77 Ga. App. 708 (49 S. E. 2d 674); *Bentley v. Southern Ry. Co.*, 52 Ga. App. 188 (182 S. E. 815). It is also necessary for the ground to show that the admission or exclusion of evidence was harmful. *Hunter v. State*, 148 Ga. 566 (97 S. E. 523).

A ground of a motion for a new trial complaining of a portion of the trial court's charge as misleading must not only show wherein it was misleading (*Riddle v. Sheppard*, 119 Ga. 930, 47 S. E. 201; *Watson v. Ray*, 88 Ga. App. 483, 77 S. E. 2d 53; *Hill v. State*, 39 Ga. App. 699 (1), 148 S. E. 282), but must allege wherein the charge was harmful. *Steinmetz v. Chambley*, 90 Ga. App. 519 (83 S. E. 2d 318). Also, "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given." *Roberts v. State*, 88 Ga. App. 767 (77 S. E. 2d 825). See *Mullins v. State*, 213 Ga. 331 (99 S. E. 2d 117); *Anderson v. Southern Ry. Co.*, 107 Ga. 500 (33 S. E. 644).

The plaintiff in error contends that the trial court should have given further explanatory and definitive instructions in connection with a portion of the charge given to the jury which were applicable and pertinent to the facts of the case. There was no timely request for the trial court to further charge the jury. The ground is without merit. *Rhodes v. State*, 76 Ga. App. 667 (47 S. E. 2d 293); *Payne v. Young*, 27 Ga. App. 370 (108 S. E. 312).

4. Special ground 6 of the amended motion for a new trial complains of the failure of the trial court to give in charge a written request pertaining to principles concerning conditions precedent in relation to contracts, citing *Daniel v. Dalton News Co.*, 48 Ga. App. 772 (173 S. E. 727); however, the ground does not allege any facts to show that a condition precedent existed or what the condition precedent was, nor does the ground refer to any part of the brief of evidence where

514

it may be found. The assignment is insufficient. But even if the assignment should be held to be sufficient, from a perusal of the record this court has not been able to locate any facts to make a charge upon the principles requested applicable or pertinent. The suit was upon an open account, and the defensive plea was one of total failure of consideration. The plaintiff's petition does not plead a condition precedent, and neither does the answer of the defendant allege a condition precedent to be performed by either party. This ground is without merit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 3, 1960.

*L. P. Strickland,* for plaintiff in error.
*Charles W. Hill,* contra.