38966. LOWE v. ATHENS MARBLE & GRANITE COMPANY.

DECIDED SEPTEMBER 6, 1961—REHEARING DENIED OCTOBER 17, 1961.

*Hamilton McWhorter, S. D. Skaggs, Hewlett, Hewlett & Wall,* for plaintiff in error.

*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.

EBERHARDT, Judge. 1. Grounds 9, 10 and 11 raise questions as to the admission of certain opinion evidence relative to the speed at which plaintiff's son was operating his vehicle. William Isaac Fair testified, "He was going at a rate of speed that was entirely too high. . ." (Ground 9) and "it was traveling at a high rate of speed." (Ground 10). Mary Ann Sheats testified, "I saw a pickup truck going at a fast rate, speeding along . . ." (Ground 11).

Assuming for the purposes of this opinion that the evidence was inadmissible and, in addition, proper objection or motion to strike was made (see the procedure in *Thornton v. King,* 81 Ga. App. 122, 130, 58 SE2d 227), our inquiry must proceed one step further. If other evidence of a like nature or to the same effect was introduced without objection, error requiring a reversal is not shown. *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734); *Stewart v. Ellis,* 130 Ga. 685 (2) (61 SE 597); *Wages v. Wages,* 202 Ga. 155 (2) (42 SE2d 481); *Cochran v. State,* 212 Ga. 245 (1d) (91 SE2d 601). This principle of law is applicable whether the evidence be elicited on direct examination or cross-examination. See *Rabun v. Wynn,* 209 Ga. 80 (7) (70 SE2d 745).

An examination of the brief of evidence reveals that other evidence of like nature or to the same effect was introduced without objection. Other witnesses characterized the speed as "pretty fast" (two witnesses), and "too fast" (also two witnesses), and said the vehicle "went by 'swish'" and "just shot by." Furthermore, State Patrol Sergeant Hemrick testified that "some of the witnesses said these boys were traveling about 70 miles a hour." For this reason, there was no reversible error in the admission of the evidence complained of in grounds 9, 10 and 11.

2. Grounds 5, 7 and 8 also complain of the admission of certain evidence. They are without merit for the same reasons set out in Division 1 of this opinion.

3. Ground 6, which assigns error because certain photographs were admitted into evidence and testimony as to what they showed was allowed without cross-examination, does not show harmful error because the same photographs were later admitted and the same testimony later given, all without objection.

4. Ground 4 complains that allowing the question "How long is a second?" to be asked of a witness by the defendant, over objection that the question was leading, was error. The question was asked after the witness, the defendant's driver, had agreed to plaintiff's question that it was "just a matter of a second" from the time he came to a stop until the impact occurred.

As Judge Hill said in *Augusta Southern R. Co. v. Carroll*, 7 Ga. App. 138, 139 (66 SE 403), "There is nothing more unreliable than mere opinions and estimates of time and distance." A witness has the right to explain his testimony, especially in the situation posed here, and the jury is entitled to know what this witness meant by "a second." If the witness testified to the contrary elsewhere, his credibility was for the jury.

Was the question leading? Professor Wigmore's test of a leading question is "a question which *suggests the specific answer desired.*" III Wigmore, Evidence 3rd ed. 1940, p. 122, Sec. 769. To the same effect see 1 Greenleaf, Evidence, 16th Ed., § 434, 3 Taylor, Evidence 9th Ed., § 1404, Green, Georgia Law of Evidence, § 128 and *Sivell v. Hogan*, 115 Ga. 667 (1) (42 SE 151). Another authority put the test as follows: "Would an ordinary man get the impression that the questioner desired

one answer rather than another?" McCormick, Evidence, 1954, p. 9, § 6 (a). It is apparent that the question was not leading and, therefore, the cases cited by the plaintiff in her brief are distinguishable. It was not error to permit this question to be asked.

5. The charge complained of in ground 12 is the headnote from the case of *Youngblood v. Henry C. Beck Co.*, 93 Ga. App. 451 (91 SE2d 796) as follows: "I charge you further that one who knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may in part be attributable to the other person's negligence. Thus, if you find that the plaintiff's son knowingly and voluntarily took a risk of physical injury, the danger of which was so obvious that the act of taking such risk, in and of itself, amounted to a failure to exercise ordinary care and diligence for his own safety, then the plaintiff cannot hold the defendant liable for damages resulting from the death of her son thus occasioned, although the same may in some parts have been attributable to the negligence of the defendant, if any, and upon this subject the court will further charge you." The plaintiff does not question the accuracy of the charge as a principle of law but contends that it injected into the case an issue not raised by the pleadings or evidence.

It is proper for the court to charge on all substantial issues in the case whether made by the pleadings and the evidence or by the evidence alone. *Nat. Sheet Metal Co. v. AAA Highway Express*, 55 Ga. App. 393, 394 (190 SE 383); *Simpson Grocery Co. v. Holley*, 51 Ga. App. 355 (180 SE 501). Here the defendant's answer alleged that the plaintiff's son could have come to a complete stop before striking defendant's truck but, instead, he proceeded to attempt to pass the defendant's truck by going between the truck and the funeral procession, and at a high rate of speed. There was also sufficient evidence to raise this issue. Therefore, the charge was authorized and no reversible error is disclosed by this ground.

6. Ground 13 asserts that the court failed to charge that

plaintiff would not have to prove every act of negligence as alleged in her petition, and sets out a proposed charge. As no request to charge was made in accordance with *Code* § 81-1101, we need only consider whether the trial judge discharged his duty to charge the law as to "every controlling, material, substantial, and vital issue in the case." *Jackson v. Matlock,* 87 Ga. App. 593 (1) (74 SE2d 667), and cases cited therein.

An examination of the charge as given shows that the court charged, "Under the rules I have given you you must believe, if you find the defendant was negligent in one or more of the acts of negligence alleged in the petition, that the plaintiff would be entitled to recover under the rules of law I have given you and will further give you . . ." Certain omissions to charge, without request, matters which if given would have been merely elaborative of the charge as delivered, furnish no ground for the grant of a new trial. *Jacobs' Pharmacy Co. v. Paschal,* 145 Ga. 346 (89 SE 213). The proposed but unrequested charge was substantially given as set out above and would have been merely elaborative if given.

7. The jury verdict will not be disturbed on the general grounds as there was sufficient evidence to support it.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*