### 46730. BROWN v. NUTTER.

JORDAN, Presiding Judge. Brenda F. Brown sued William I. Nutter in the Superior Court of Muscogee County. The action is one for personal injury in which plaintiff alleges that she was injured when defendant negligently ran into the rear of the car in which she was riding as a passenger. Defendant answered, denying he was negligent, but admitting that he bumped the rear of the car in which plaintiff was riding. The case came on for trial and the jury returned a verdict for defendant. Judgment

was thereafter entered for defendant and plaintiff appeals. Error is enumerated as to the following: (1) The verdict and judgment are contrary to the evidence, decidedly and strongly against the weight of the evidence and totally and completely without evidence to support them; (2) The court erred in failing to charge the jury on the subject of look-out; and (3) The court erred in failing to charge and instruct the jury on the duty of a motorist to control his automobile. *Held:*

1. After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. *Brown v. Wingard,* 122 Ga. App. 544 (177 SE2d 797) and cases cited therein.

2. Where there is some evidence on both sides, as in this case, as to causation and liability, the preponderance of the evidence must be so great against the verdict as to be suggestive of improper bias or gross misapprehension and to an extent which shocks the understanding and moral sense in order for a reviewing court to disturb that verdict. *Thompson v. Fouts,* 203 Ga. 522 (3) (47 SE2d 571) and cases cited therein.

3. The general rule where a driver is forced by traffic lights ahead to slow or stop and defendant hits the lead car while slowing or stopping for the light, and contends that he was not guilty of negligence, the question is for the jury, even though such evidence is, in and of itself, sufficient to sustain the inference of negligence on the part of the defendant. There is no absolute duty upon the following driver to avoid a collision by the control of speed or otherwise. *Cartey v. Smith,* 105 Ga. App. 809 (125 SE2d 723); *Simpson v. Brand,* 108 Ga. App. 393 (133 SE2d 393); *Robertson v. Jackson,* 123 Ga. App. 623 (181 SE2d 905). All the facts and circumstances are to be taken into consideration in making a determination as to where the liability lies. *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187) and citations at page 64 thereof.

4. Where there was evidence that the car in which plaintiff

was riding came to a sudden stop and a police officer testified that one who attempts to stop within two car lengths at a speed of 15 miles per hour will skid, this was evidence from which the jury could have determined that defendant was not negligent. See *Simpson v. Brand,* 108 Ga. App. 393, supra; *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188).

5. Even if it could be said that the evidence demanded a finding that defendant was negligent in striking the lead car, the evidence did not demand a finding that the plaintiff was injured in the collision in that (1) there was no complaint of injury at the scene; (2) there was conflicting evidence over the intensity of the impact, and as to the speed of the car driven by the defendant when striking the lead car, the lead car moving only two feet; (3) the amount of damages to the lead car in which the plaintiff was riding, as well as the damage to defendant's car. The testimony of an unimpeached witness must be considered and not arbitarily disregarded, but this does not mean that the jury, as the triors of fact, are obligated to believe the testimony which in fact they discredit. See *Code* §§ 38-107 and 38-1603; *Haverty Furniture Co. v. Calhoun,* 15 Ga. App. 620 (84 SE 138). Further, the jury is the sole judge as to the party's credibility as a witness. *Young v. Reese,* 119 Ga. App. 179 (2) (166 SE2d 420); *Roper v. General Motors Corp.,* 121 Ga. App. 163 (3) (173 SE2d 240). There is no merit in any of the enumerations of error that the evidence was insufficient to support the verdict and judgment.

6, 7. The allegations of the petition as well as the evidence presented questions of common law negligence and negligence per se. The petition alleged that the defendant failed to have his automobile under proper control and failed to maintain the proper lookout. It also alleged that certain violations of the statutes relating to traffic signals, following too closely, and speed constituted negligence per se.

The charge as given to the jury clearly and amply charged the jury on the general law relating to common law negligence, stating explicitly the degree of care required of the defendant under all the circumstances. The charge also explicitly covered the Code sections alleged to have been violated by the defendant.

Upon the completion of the charge, counsel for the plaintiff made the following objection: "Mr. Kent: Your Honor please, the court did not charge on the failure to maintain a proper lookout and control and three of the elements of the act of negligence charged. The Court: I gave the charge on ordinary negligence—or code of negligence, ordinary negligence which would cover those. Mr. Kent: That's the only objection we have to the charge."

Sometime later the jury returned to the courtroom and requested a recharge "on what the law considers negligence to be and how it applies to the law as it exists to the charge of this case." The court then charged as follows: "The Court: All right, sir. The plaintiff contends that the defendant was guilty of what is known as common law negligence. That is a failure to keep a proper lookout and I don't recall the other allegations in the petition. In addition, the plaintiff contends that the defendant is guilty of negligence as a matter of law by virtue of an alleged violation of the law of the State of Georgia, one relating to speeding and the other one relating to following too closely. Now, I can recharge the law on both of them if that is what you want or does that clarify it any for you? The Foreman: I don't know if I can answer for the group, I think it does as far as I am concerned. The Court: Let me just briefly reiterate what it is. Ordinary negligence, that is what is referred to as common law negligence. Of course, it is controlled by our Code and is defined as follows: Ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. The absence of such diligence is ordinary negligence. In other words, if one should exercise that degree of care which an ordinar-

ily prudent person under the same or similar circumstances exercised, then he would not be guilty of negligence. But if he should fail to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, then he would be guilty of ordinary negligence. Now, negligence per se or negligence as a matter of law is where a valid law of the State of Georgia is violated; the violation of the statute would constitute negligence as a matter of law . . . Does that clarify it for you?"

Assuming that plaintiff's objection at the end of the original charge was sufficient to comply with the requirements of *Code Ann.* § 70-207 (a), as amended, no further objection was made to the recharge as given by the court. In our opinion the charge and recharge of the court to the jury correctly and amply stated to the jury the distinction between common law negligence and negligence per se and adequately advised them of the degree of care placed upon the defendant under the common law and statutory law of Georgia. Enumerations of error 4 and 5 are therefore without merit.

8. Nor are the cases of *Rhodes v. State,* 76 Ga. App. 667 (5) (47 SE2d 293); *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 646 (122 SE2d 483); *Lightfoot v. Southeastern Liquid Fertilizer Co.,* 102 Ga. App. 512 (3) (116 SE2d 651) controlling here. See *Code Ann.* § 70-207 (a), as amended, (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen, Quillian and Clark, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 14, 1972— REHEARING DENIED FEBRUARY 9, 1972—

*L. B. Kent,* for appellant.

*Kelly, Champion & Henson, John W. Denny, Edward W. Szczepanski,* for appellee.

EVANS, Judge, dissenting. I cannot agree to the majority view of this case as to Divisions 6 and 7. Counsel for plaintiff called the court's attention to the fact that he had not charged on the failure of defendant to maintain a proper look-out and proper control of his vehicle. The court refused to charge thereon.

One of the contentions of plaintiff was that defendant failed to maintain a proper look-out ahead, whereby he might have seen the lead automobile's red tail-light; and that there was no obstruction between the two cars to prevent defendant's seeing the lead car. There was evidence submitted in support of this contention. This evidence authorized a charge that the driver of an automobile has no right to assume that the road is clear, but must keep a vigilant look-out ahead for pedestrians and traffic, or that the driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic and he must maintain a diligent look-out therefor. *Leggett v. Brewton,* 104 Ga. App. 580 (3) (122 SE2d 469). The lower court failed to charge this contention and at the end of said charge counsel for the plaintiff requested a proper charge thereon as one of the elements of the acts of negligence alleged.

It will be noted that plaintiff objected at the end of the charge in this language: "Your Honor, the court did not charge on the failure to maintain *a proper look-out and control* . . ." (Emphasis supplied.) The trial court refused the request of plaintiff's counsel, but later, when the jury requested further instructions, he did touch on "look-out" in the briefest possible fashion, but did not charge on the auto driver's duty to maintain proper control of the car.

The language of the court here in response to the jury's request was as follows: "All right sir, the plaintiff contends that the defendant was guilty of what is known as common law negligence. That is, failure to keep a proper *look-out* and *I don't recall the other allegations in the petition* . . ." (Emphasis supplied.)

Although the court did not recall "the other allegations in the petition" just a short time before, plaintiff's counsel had

requested him to correct and amend his charge by charging on (1) failure to keep a proper look-out, and (2) failure to maintain control.

As to "look-out," the charge as given did not adequately cover the subject, it being couched in such language as to suggest that this was simply a *contention* of the plaintiff. The court should have gone further and should have instructed the jury that "failure to keep a proper look-out *is* common law negligence"—rather than leaving it as only a *contention* of the plaintiff that such is common law negligence.

But the greater damage was the court's failure to charge on the duty of defendant to maintain *control* of the car; and his statement that "I don't recall the other allegations in the petition" can hardly be considered as a substitute for a proper charge on this subject.

As to the failure to charge on "look-out," see *Kirkland v. Wheeler,* 84 Ga. App. 352, 364 (66 SE2d 348); *Claxton v. Hooks,* 68 Ga. App. 383, 385 (23 SE2d 101); *Leggett v. Brewton,* 104 Ga. App. 580 (3), supra. Therefore, the lower court erred in refusing to give a correct charge that the driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic and he must maintain a diligent look-out.

*Code Ann.* § 68-1626 clearly sets forth the duty of drivers of motor vehicles as follows: "In every event speed shall be so *controlled* as may be necessary to avoid colliding with any person, vehicle . . . on or entering the highway. . . ." (Emphasis supplied.)

Further, the Supreme Court of Georgia holds in *Teague v. Keith,* 214 Ga. 853 (1) (108 SE2d 489): "It is the duty of the operator of a motor vehicle to keep it under *reasonable control* so that he may void collisions with, and injury to, other users of the highway who are themselves exercising reasonable care, if he may avoid such collision or injury by the exercise of ordinary care on his part." (Emphasis supplied.) Also, see *Ellis v. Southern R. Co.,* 96 Ga. App. 687, 697 (101 SE2d 230); *Brewer v. James,* 76 Ga. App. 447, 452

(46 SE2d 267); *Garmon v. Cassell,* 78 Ga. App. 730 (52 SE2d 631). The general charge by the court on the exercise of ordinary care was insufficient instruction to the jury here.

Therefore, I would reverse the learned trial judge in this case.

I am authorized to state that Judge Pannell concurs in this dissent.