POWELL v. PATRICK.

CHATTEL MORTGAGE—MORTGAGE—BOND—MERGER.—IN EQUITY, merger depends on the intention of the parties and circumstances of each case, and in no case applies to property covered by chattel mortgage after condition broken. Here, where the mortgagee buys mortgaged lands at tax sale, the same debt being also secured by a chattel mortgage, which had been assigned to a third party, held that such purchase of the mortgaged lands does not satisfy the bond secured by both mortgages.

Before ALDRICH, J., Richland, November, 1901. Affirmed.

Action by J. W. Powell against T. G. Patrick. From Circuit decree, plaintiff appeals.

*Messrs. Jno. T. Duncan* and *Wm. H. Lyles,* for appellant. *Mr. Lyles* cites: *Purchase of land at tax sale extinguishes mortgage debt:* 20 S. C., 555; 55 S. C., 74.

*Messrs. Weston & Aycock* and *R. W. Shand,* contra, cite: *Assignment of chattel mortgage does not carry debt:* 10 S. C., 224; 27 S. C., 324; 15 Ency., 1 ed., 849; 4 Johns., 42; 47 S. C., 253. *Rule of merger where only part of mortgaged property is purchased:* 17 S. C., 499.

May 17, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant's attorney precedes his argument with the following statement of facts: "The sole question involved on this appeal is whether a bond executed by J. W. Powell to T. G. Patrick, on the 28th day of November, 1888, and secured by a mortgage of certain real estate in Fairfield County, was satisfied by the purchase of that real estate by T. G. Patrick under tax sale made on the first Monday in August, 1898, the tax deed being dated the 16th of August, 1898. The circumstances were as follows: On the 28th of November, 1888, J. W. Powell executed to the defendant, T. G. Patrick, under his firm name of T. G. Patrick Co., his bond in the penal sum of $4,000, conditioned for the payment of the full and just sum of $2,000, one year, one month and two days after date, with interest from date payable annually. To secure this bond, Powell executed to Patrick a chattel mortgage and also a mortgage of two tracts of land. One of these tracts was described as containing 236 acres, more or less, the other as containing 227 acres, more or less. Thereafter J. W. Powell sold the tract of land containing 236 acres, and paid over the proceeds of the sale to Patrick on account of the mortgage debt. Subsequently Powell and Patrick became inter-

ested in a tract of land near the city of Columbia as copartners, with a view of developing the same and selling it off for building lots.    Subsequent to this J. W. Powell was incarcerated, and while confined in the State penitentiary, T. G. Patrick in some way procured from Mrs. Eliza J. Powell, the mother of J. W. Powell, an assignment of her interest in a certain bond executed to her by J. W. Powell, and secured by a mortgage of real estate, which assignment was made to secure: First, a note for $693.37, executed by J. W. Powell and indorsed by Mrs. Eliza J. Powell to Thomas G. Patrick.    Second, as collateral security for any sums that might be advanced by T. G. Patrick on account of a certain mortgage executed by J. W. Powell to Mrs. Jessie B. Symmers.    Third, for the payment of the bond herein first above mentioned, executed by J. W. Powell to Thomas G. Patrick. At that time, although it does not appear in writing, Patrick testifies that he assigned the chattel mortgage to Mrs. Eliza J. Powell, and says that the assignment of that chattel mortgage was in payment of Mrs. Powell's interest in the property near Columbia.    He claims to have retained the debt while he assigned the chattel mortgage security for the debt. Patrick then occupied this position: He held the bond of J. W. Powell, as above mentioned, secured by a mortgage of a single tract of land, and also secured by the assignment of Mrs. Eliza J. Powell's interest in the bond of J. W. Powell to her.    She has thus become surety for the debt of J. W. Powell.    He then, on salesday in August, 1898, bid in the one tract of land covered by his mortgage, at a sale for delinquent taxes, and took a deed of conveyance therefor, dated the 16th day of August, 1898."

The case of *Devereux* v. *Taft,* 20 S. C., 555, sustains the general proposition that the purchase at a tax sale of land by the mortgagee, extinguishes the debt secured by the mortgage of the premises.    And the case of *Trimmier* v. *Vise,* 17 S. C., 500, settles the principle that the purchase by the mortgagee of a portion of the land, except under judicial proceedings, extinguishes the debt secured by the mortgage *pro*

*tanto.* The extinguishment takes place by operation of law, and is founded upon the doctrine of merger. Trimmier *v.* Vise, *supra.* This is an equitable action, and the principles controlling such cases are different from those in actions at law. Merger is not favored either in the Courts of law or equity. In 15 Enc. of Law, 314-315, it is said: "At law, when a greater or lesser or a legal and equitable estate, coincide in the same person, the lesser or equitable estate is immediately merged and annihilated. But this rule is not inflexible in equity; whether or not a merger takes place, depending upon the intention of the parties and a variety of other circumstances. Notwithstanding the technical rule of law, equity will prevent or permit a merger, as will best subserve the purposes of justice and the actual and just intention of the parties, and in the absence of an expression of intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances, would be best subserved by keeping them separate, the intent will ordinarily be implied." The foregoing is quoted with approval in *Michalson* v. *Myrick,* 47 S. C., 297, and in *Lipscomb* v. *Goode,* 57 S. C., 182. After condition broken, the legal title to the personal property became vested in the mortgagee. *Wylie* v. *R. R. Co.,* 48 S. C., 405; *McClendon* v. *Wells,* 20 S. C., 514. As to the personalty, there is not a greater or lesser estate, nor a legal and equitable estate, coinciding in the same person. Furthermore, the rights of third parties have become involved.

If the Court should declare that the debt was extinguished, the vested rights of the mortgagee as the legal owner of the personal property, after condition broken or the rights of third parties, might thereby be injuriously affected. Under such circumstances, the Court, in the exercise of its chancery powers, will refuse to declare the debt extinguished.

It is the judgment of this Court, that the appeal be dismissed.