## EX PARTE POWELL.

MORTGAGE—TAX SALE.—Purchase at tax sale of one tract of land conveyed by mortgage, does not satisfy the mortgage debt as to other tracts conveyed thereby, but to the amount of the value of the tract so purchased.

Before J. H. Hudson, special Judge, Richland, March, 1903. Affirmed.

Petition by Eliza J. Powell, *in re* G. W. Fetner, against T. G. Patrick *et al.* Petitioner appeals from Circuit decree.

*Messrs. Lyles & McMahan* and *Jno. T. Duncan,* for appellant. The former cite: *As to extinguishing mortgage debt by purchase of land:* 20 S. C., 555; 55 S. C., 74; 24 S. C., 78; 6 Rich. Eq., 343.

*Messrs. Weston & Aycock* and *R. W. Shand,* for Patrick, contra, cite: *As to extinguishing mortgage debt by purchase of land:* 64 S. C., 190. *Effect of assignment of chattel mortgage:* 10 S. C., 224; 27 S. C., 324; 15 Ency., 1 ed., 849; 4 Johns., 42; 47 Barb., 253.

March 28, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. J. W. Powell executed to T. G. Patrick a mortgage on two tracts of land, and a chattel mortgage, to secure the payment of a bond. One of the tracts was sold by Powell and the proceeds applied to the debt. After the bond became due, Patrick assigned to Eliza J. Powell, the petitioner herein, the chattel mortgage security, but not the debt, and she assigned to him in exchange her interest in a certain judgment of foreclosure against J. W. Powell, covering land other than that embraced in Patrick's mortgage, in order to secure, among other obligations, the payment of Powell's bond. Patrick purchased at a tax sale

the remaining tract covered by his mortgage. Powell contended that the debt was thereby extinguished, but the Court in *Powell* v. *Patrick,* 64 S. C., 190, 41 S. E., 894, refused to so hold. The same question is now raised on behalf of Eliza J. Powell. The Circuit Judge held that the debt was not extinguished, but that Patrick should account for the real value of the land purchased at the sale. From this finding Mrs. Powell, the petitioner, appeals. Little can be added to the clear and conclusive reasoning of the Circuit decree.

*Trimmier* v. *Vise,* 17 S. C., 499, holds that by the purchase by the mortgagee, except under judicial proceedings, of one tract of land where the mortgage covers three tracts, the debt is extinguished only in the proportion which the true value of the parcel purchased bears to the whole mortgaged property. This case is followed in *Hull* v. *Young,* 29 S. C., 64, 20, 6 S. E., 938; Ency. Law, 1069. *Trimmier* v. *Vise* is referred to in *Powell* v. *Patrick,* and after discussing the doctrine of merger laid down in that case and in *Devereux* v. *Taft,* 20 S. C., 555, the Court goes on to show that "equity will prevent or permit a merger, as will best subserve the purposes of justice and the actual and just intention of the parties."

It is true, as a general rule, unless an assignment of a chattel mortgage is accompanied by an assignment of the debt thereby secured, no right passes to the assignee. 7 Cyc., 57. If this rule is applied, then, under the case of *Trimmier* v. *Vise, supra,* Patrick's rights as owner of the chattel mortgage would prevent extinguishment of the debt. If, on the other hand, as may be inferred from *Powell* v. *Patrick,* Eliza J. Powell acquired rights under the assignment, then, as stated by the Circuit Judge, she has no equity to release her from her obligation to Patrick, unless she can place him in the position he occupied before she received from him the chattel mortgage.

We think Mrs. Powell did acquire by the assignment the equitable right to enforce the chattel mortgage to the same amount and extent that the securities assigned by her to Patrick should be used by him in the collection of his debt.

Mrs. Powell made an exchange of securities with Patrick, and the security assigned by her to him would be no more satisfied by the purchase at tax sale than the chattel mortgage, for which it was exchanged, would have been, had it remained in his hands.

Mrs. Powell does not occupy the position of surety, but of one who has voluntarily assumed her present relation to Patrick for full value, and she can have no higher equity against Patrick than J. W. Powell had; and this Court held in *Powell* v. *Patrick, supra,* that the debt and securities of Patrick as against J. W. Powell were not satisfied by the tax sale.

Appellant does not raise the question as to her right to have the respondent account for the proportion which the true value of the parcel purchased bears to the whole mortgaged property instead of the actual value, and hence that point is not before the Court.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.