34781. ROBERTS *v.* THE STATE.

DECIDED SEPTEMBER 19, 1953.

**768**

*Brannon & Brannon,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

TOWNSEND, J. ■ Error is assigned on the following excerpt from the charge: "The question to be considered by you is whether the father separated from the minor child or children, and, if so, did he fail to support their needs. It is immaterial what the relations between the father and mother and children are. The children are entitled to support. In other words, the conduct of the father and mother does not affect the father's duty to maintain and support his minor children and if the father of the children is not satisfied he may go to court to determine the custody of the child. Even if the dependence of the children did not take place here in Hall County but the dependence started after they arrived in Muscogee County, which is down at Columbus, Georgia, then, gentlemen, he would not be guilty of the offense of abandonment because that would be the place where it started and if that took place prior to the January term, 1952. In other words, if, say about the 15th of January, 1952, that is when court began here or about that time —any time within two years prior to that, if he separated from his family down there and failed to provide his children with food, shelter and clothing—that is, the necessities of life—that is the main question you will determine from the evidence in this

case, gentlemen. Now, gentlemen, there has been other evidence submitted to you as to what took place as to the support and maintenance of these children after January, 1952 [sic]. I charge you that was only admissible as a circumstance and tending to prove, if it does, that he did not support them prior to January, 1952. In other words, anything is admissible as a circumstance up to the time of this trial."

The above excerpts from the charge, in the order given, constitute all of the first special ground. The first four sentences, the ninth, and the sixth, in that order, constitute the second special ground, together with an additional excerpt from the charge as follows: "As far as determining whether he is guilty or innocent or not, all of the evidence—you will have to look to the evidence prior to the January term, 1952." Assignments of error should be definite and specific, and should not lump together unrelated portions of the charge with various and unrelated complaints about the separate parts of each. However, in general, the various assignments of error may be dealt with as follows:

■ "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State*, 152 *Ga.* 252 (109 S. E. 502); *Payne* v. *Young*, 27 *Ga. App.* 370 (4) (108 S. E. 312). Accordingly, the assignment of error above quoted does not raise the question of whether the court should have charged more specifically "that the separation must be wilful and intentional," and that it "by inference excluded [the jury's] consideration of the documentary evidence."

■ An assignment of error that "said charge was misleading and confusing to the jury, and movant should be granted a new trial," without stating in what way it was calculated to mislead, is too general to be considered. *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201).

■ The words *"Even* if the dependence of the children did not take place here in Hall County . . . he would not be guilty," and *"Anything* is admissible as a circumstance up to the time of this trial," when taken in conjunction with the charge as a whole, do not constitute reversible error. The judge properly

instructed, as to venue, that the desertion must have occurred in Hall County. He also instructed properly that evidence as to whether or not the children had been supported after the return of the indictment could not be considered except "as a circumstance tending to prove, if it does, that he did not support them prior to January, 1952." Such acts, and proof thereof, are not relevant to show innocence of the crime charged. *Cox* v. *State*, 85 *Ga. App.* 702 (2) (70 S. E. 2d 100). There was no objection to the introduction of this evidence, however, and it might have been relevant to the issue of the defendant's ability to support the children, and as bearing upon whether the failure to support prior to the return of the indictment had been wilful and intentional. These special grounds are therefore without merit.

The verdict was authorized by the evidence, and, having the approval of the trial court, will not be disturbed by this court.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*