21180. DOWNER, Administratrix, *et al.* v. BAZZELL.

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Cassandra E. Maxwell*, for plaintiffs in error.

*Leonard Pennisi*, contra.

GRICE, Justice. William Bazzell brought an action in the Superior Court of Fulton County, Georgia, against Annie Downer, as administratrix of the estate of Susie Morton and others, all her heirs at law, for cancellation of a deed and for other relief. The plaintiff alleged that Annie Downer and Susie Morton, by fraud, undue influence and induced intoxication, caused him to execute a warranty deed to Susie Morton. The administratrix answered by denying the material allegations of the petition. The case proceeded to trial and a verdict and judgment declaring the deed null and void resulted. The amended motion for new trial by the defendant administratrix being overruled upon each and every ground, she assigned the same as error in her bill of exceptions, thus bringing the case to this court.

1. As to the general grounds of the motion, there was sufficient evidence to support the verdict, and therefore the trial judge's discretion will not be disturbed.

2. Ground 1 of the amended motion complains that the court erred "in not charging that testimony of [a] party which is self-contradictory, vague or equivocal must be construed most strongly against such witness." There was no written request that this be charged, and therefore the failure to do so was not error. *Scott v. Gillis*, 202 Ga. 220, 226 (43 S. E. 2d 95).

3. Grounds 2 and 3 of the amended motion may be treated together. The former complains that the court erred in not charging "that the petitioner was incompetent to testify in the case, especially in cases where the only issue was concerning [an] alleged contract between petitioner and defendant." The latter recites that the court erred in failing to charge "what the law is as to testimony of [a] survivor to a transaction and thus injuring and damaging the estate of the deceased immeasurably." These two grounds do not set forth any definite principle of law which the movant contends should have been charged. Therefore they are without merit. *Ehrlich v. Mills*, 203 Ga. 600

(3) (48 S. E. 2d 107); *Pepper v. Flanagan*, 204 Ga. 265 (4) (49 S. E. 2d 525).

4. Grounds 4 and 5 of the amended motion fall into the same category and also may be considered together. Number 4 contends that the court erred in charging as follows: "The law also directs, Gentlemen, that it is your duty where it can be done, to reconcile the conflicts in the evidence, if there be such in this case, so as to make all the witnesses speak the truth and perjury be imputed to none of them. However, after considering the evidence in this case, if you find it in such irreconcilable conflict that this cannot be done, then you would believe the evidence which is most reasonable and most credible to you and settle the issues by the greater weight or preponderance of the evidence as you find it to be." The movant urges that this charge was erroneous in that a plaintiff is not entitled to recover if his testimony is self-contradictory or if its weakest portion does not support the cause of action alleged, and also in that testimony of a party in his own behalf, which is self-contradictory, vague or equivocal, must be construed most strongly against him. Movant also contends that the charge was misleading in that it directed the jury to reconcile conflicts without giving a guide for denying recovery where there were conflicts in stated particulars.

Number 5 assigns error upon the following portion of the charge: "The jury may also consider the number of witnesses who have testified, though the preponderance of the evidence is not necessarily with the greater number of witnesses." The movant contends that this was argumentative because the plaintiff here was his only witness, whereas the defendant had two.

These two portions of the charge were manifestly correct. The situation here comes within the rule that, "If a fuller charge, or an amplification of the principle to suit the facts of the case, was desired, a request therefor should have been made." *Garbutt Lumber Co. v. Camp*, 137 Ga. 592 (73 S. E. 841). See also Leverett, Hall, Christopher, Davis and Shulman, Georgia Procedure and Practice, p. 394. No such requests were made and therefore no error was committed.

5. Ground 6 complains that the court erred in not charging

on the subject of exercise of ownership over property and the opportunity which the plaintiff must have had to learn of change of ownership, occupancy, repairs, and the like, movant contending that fraud which tolls the statute of limitations must be such as could not have been discovered by the exercise of ordinary diligence. Movant urges, therefore, that the court erred in not charging that if the jury "believed from the evidence that the petitioner had an opportunity with reasonable diligence to learn that the deed had been signed, if they believed he was drunk and incapacitated on the day it was signed, that he should have, during the lifetime of the deceased, asserted his rights of ownership, if the jury believed they existed." This ground avers that there was ample evidence from which the jury could have found that such knowledge existed. However, no written request having been made therefor, failure to give the charge was not, under the foregoing authorities, error.

6. There being no error in denying the motion for new trial as amended, the judgment of the trial court is therefore

*Affirmed. All the Justices concur.*