39069. WHITING v. EASTERWOOD.

DECIDED SEPTEMBER 22, 1961.

425

*Sheats, Parker & Webb, John Tye Ferguson,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, James K. Rankin,* contra.

NICHOLS, Judge. 1. As to the usual general grounds of the motion for new trial the case is controlled adversely to the plaintiff by the decision in *Dixon v. Dixon,* 103 Ga. App. 166 (118 SE2d 713). Under the circumstances of the case a jury question was presented as to whether the defendant was negligent. In the *Dixon* case the question presented was whether the defendant was negligent in assuming that his grandchild was across the street where he had been a minute or so before the tragic moment. Here the real question for the jury was whether the defendant was negligent in assuming that the plaintiff's child was still with the defendant's wife in the backyard where he had been a minute or so before the tragic moment when the defendant moved his automobile.

2. Special ground 4 of the amended motion for new trial assigns error on certain excerpts of the court's charge because "(a) said charges were erroneous and not correct as an abstract principle of law; (b) they were confusing to the jury; (c) they were misleading to the jury."

"The exception that the charge was misleading and confusing which did not point out the reason for either position is not explicit enough. *West Lumber Co. v. Schnuck,* 85 Ga. App. 385 (69 SE2d 577); *Roberts v. State,* 88 Ga. App. 767 (77 SE2d 825). The exception (c) that the charge is incorrect and erroneous as an abstract principle of law raises only the question as to whether it is, standing alone, a sound pronouncement of law. *Tucker v. State,* 25 Ga. App. 196 (1) (102 SE 880); *Bankers Health &c. Ins. Co. v. Givens,* 43 Ga. App. 43 (157 SE 906); *White v. State,* 141 Ga. 526 (1a) (81 SE 440). Unless the criticised charge is incorrect on its face, the court is not privileged to peruse the record to learn whether it is adjusted to the issue framed upon the pleading and evidence. *Anderson v. Southern Ry. Co.,* 107 Ga. 500, 501 (4) (33 SE 644)." *Mutual Benefit &c. Assn. of Omaha v. Hickman,* 100 Ga. App. 348, 363 (111 SE2d 380).

The excerpts from the charge excepted to dealt with the well established principle of law that a plaintiff must recover on the allegations of negligence alleged in the petition, and such charges were correct as abstract principles of law. Under the numerous decisions of this court and the Supreme Court, as exemplified by *Anderson v. Southern Ry. Co.,* 107 Ga. 500 (4 a, b) (33 SE 644), and *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38, 45 (110 SE2d 24), the investigation must end when the determination is made that the charge is abstractly correct and no inquiry can be made to determine if the charge was adjusted to the issues and facts in the case. No reversible error is shown by this ground of the motion for new trial.

3. The sole remaining special ground of the amended motion for new trial assigns error on excerpts of the charge which authorized a verdict for the defendant if the jury determined that the death of the plaintiff's child was an accident.

As shown by the first division of the opinion the evidence did not demand a finding of negligence by the defendant and of course the deceased, a two year old child, could not be negligent. See *Red Top Cab Co. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229), and citations. Therefore, the charge on accident was authorized, for if the defendant was not negligent, and the plaintiff's deceased child could not be negligent as between the

parties, the unfortunate event was an accident in so far as the present action is concerned. The charge was not error. As to the definition of accident see *Caldwell v. Knight,* 94 Ga. App. 827 (96 SE2d 331), and citations.

The evidence authorized the verdict, and no error of law appearing, the judgment overruling the plaintiff's amended motion for new trial must be affirmed.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*