## 39255. GEORGIA MOTOR SUPPLY COMPANY, INC. v. BAILEY.

DECIDED FEBRUARY 6, 1962.

Frank A. Bowers, John L. Respess, Jr., for plaintiff in error. Franklin B. Anderson, contra.

JORDAN, Judge. Under the allegations of the amended petition, the right of the plaintiff to recover was based on four propositions: (1) that the defendant contracted to make certain enumerated repairs (including the replacing of specific parts) on the plaintiff's automobile; (2) that to induce the payment of the charges of said repairs and parts replacement, the defendant falsely and fraudulently represented to the plaintiff that the automobile had been repaired as agreed; (3) that relying on these representations, the plaintiff borrowed money from a named finance company at the suggestion of the defendant's agent and paid for the alleged repairs to his automobile; and (4) that the representations were false, such falsity being known to the defendant, who deceived the plaintiff in the transaction.

These allegations made the action one to recover damages in tort for fraud and deceit, and to recover, it was necessary for the plaintiff not only to make said allegations but to prove them. Wooten v. Calahan, 32 Ga. 382; Brooke v. Cole, 108 Ga. 251 (33 SE 849); Code § 105-302.

The proof relied upon by the plaintiff to sustain these essential allegations, however, showed nothing more than an oral agreement between the parties, whereby the defendant corporation through its agent, contracted to repair "a busted piston" in the plaintiff's 1953 Cadillac automobile; a representation by the defendant's agent that the repairs had been made; payment of the repair charges; and the unsatisfactory performance of said vehicle after said repairs had allegedly been made. Assuming that the evidence was sufficient to show payment in reliance on the defendant's representation that the automobile had been repaired as contracted, there was no evidence as to the alleged falsity of the defendant's representation except the testimony of the plaintiff in regard to the operational condition of his automobile after it was returned to him by the defendant; and such testimony was wholly insufficient to affirmatively show that the specific repairs agreed upon had not been made. Moreover, there was undisputed evidence that on several occasions when the plaintiff returned the car, the defendant made repairs in addition to those allegedly agreed upon and continued to make efforts to get the vehicle in a condition satisfactory to the plaintiff. This undisputed evidence was directly opposite to the allegations in the petition that the defendant had made no repairs to the car.

Accordingly, since this was an action based on fraud and deceit rather than breach of warranty, the evidence adduced on the trial failed to sustain the cause of action set out in the petition, and the verdict for the plaintiff was unauthorized. The trial court therefore erred in denying the motion for new trial on the general grounds.

The special grounds in the motion for new trial were neither argued nor insisted upon and will be treated as abandoned. *Lightfoot v. Southeastern Liquid Fertilizer Co., Inc.,* 102 Ga. App. 512 (2) (116 SE2d 651).

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*