40025, 40027. WESTBERRY v. RADFORD; and vice versa.
40026. RADFORD v. WESTBERRY.

JORDAN, Judge. Elizabeth H. Westberry brought suit in the Superior Court of Chatham County against Curtis Radford to recover damages for the wrongful death of her minor daughter, June Westberry. The case proceeded to trial before the court and a jury, and a verdict was returned in favor of the defendant. The plaintiff filed a motion for new trial which was amended by the addition of seven special grounds and the defendant filed a motion to dismiss the amendment to the plaintiff's motion for new trial. The trial court denied the defendant's motion to dismiss the amendment and entered an order denying the motion for new trial as amended. The plaintiff in case 40025 excepts to the order of the trial court denying her amended motion for new trial and the defendant in cases 40026 and 40027 excepts to the order of the trial court denying his motion to dismiss the amendment. *Held:*

1. Special ground 1 of the amended motion for new trial complains of the following excerpt from the charge of the court: "I charge you that one is not bound to foresee and guard against casualties which are not reasonably to be expected or which would not occur, save under exceptional circumstances. I charge you, therefore, that if you should find from the evidence that the casualty described in this case came about as a result of exceptional circumstances which could not be reasonably foreseen or expected by the defendant, Curtis Radford, then he cannot be held responsible for the accident and plaintiff cannot recover." The principle of law embodied in this excerpt from the charge is not unsound as an abstract principle of law (*McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 336, 15 SE2d 797; *Anderson v. B. F. Goodrich Co.*, 103 Ga. App. 453, 456, 119 SE2d 603), this being the only assign-

ment of error in this ground which may be considered since the other assignments are too deficient for consideration as pointed out in Division 2 of the opinion, and this ground is accordingly without merit.

2. The assignments of error in special grounds 1, 2, 3 and 4, which attack quoted excerpts from the charge of the court as being confusing and misleading to the jury and injurious to the movant, without stating in what manner they were injurious to the movant, are too general to raise any question for determination by this court. *Roberts v. State*, 88 Ga. App. 767 (1b) (77 SE2d 825); *Mutual Benefit Health &c. Assn. v. Hickman*, 100 Ga. App. 348, 363 (111 SE2d 380); *Whiting v. Easterwood*, 104 Ga. App. 423, 426 (121 SE2d 842).

3. The remaining special grounds and the general grounds of the motion for new trial, not having been argued by counsel for the plaintiff in error, will be considered as abandoned. *Lightfoot v. Southeastern Liquid Fertilizer Co.*, 102 Ga. App. 512 (2) (116 SE2d 651); *Georgia Motor Supply Co. v. Bailey*, 105 Ga. App. 268 (124 SE2d 298); *Venable v. Gresham*, 105 Ga. App. 720 (5) (125 SE2d 507).

4. Since the judgment of the trial court denying the plaintiff's amended motion for new trial must be affirmed, it is unnecessary to consider the assignments of error in the defendant's main and cross-bill of exceptions; and those cases will be dismissed.

*Judgment affirmed in case 40025. Cases 40026 and 40027 dismissed. Nichols, P. J., and Frankum, J., concur.*

DECIDED APRIL 16, 1963—REHEARING DENIED MAY 2, 1963.

*J. Walter Cowart*, for Westberry.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann*, for Radford.