40986. ROTHBERG v. CHARLES H. HARDIN CONSTRUCTION COMPANY.

42

DECIDED JANUARY 6, 1965—REHEARING DENIED
JANUARY 25, 1965.

*George B. Finch, A. Tate Conyers,* for plaintiff in error.
*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr.,* contra.

JORDAN, Judge. The only assignments of error in the bill of exceptions which will be considered by the court are those which have been argued by the defendant (the plaintiff in error in this court). These are the overruling of the general demurrer to count 1 of the petition, the denial of the motion for judgment notwithstanding the verdict, and the denial of the motion for new trial on the general and two of the special grounds. The remaining assignments of error are considered abandoned. *A. F. King & Son v. Simmons,* 107 Ga. App. 628 (131 SE2d 214); *Georgia Motor Supply Co. v. Bailey,* 105 Ga. App. 268 (124 SE2d 298).

■ The defendant contends that the trial court erred in overruling his general demurrer to count 1 of the petition and in denying his motion for judgment notwithstanding the verdict for the reason that the pleadings and evidence show that the alleged contract was nothing more than a preliminary and incomplete agreement to agree in the future and was without mutuality. This contention is without merit.

The pleadings in this case which were amply supported by the

evidence clearly showed the execution by the parties of a present contract, certain and complete within itself, under the terms of which the plaintiff was to construct a building for the defendant according to stated and agreed requirements and stipulations in return for a stated consideration, subject only to a condition precedent that the defendant be awarded the government contract. Upon the occurrence of this contingency, as alleged and proved, the contract became mutually binding and enforceable as to each party. Mutuality of a contract is measured as of the time for performance, not the date of execution; and a contract is not deprived of mutuality because it is subject to a condition precedent. *G. V. Corp. v. Bob Todd Realty Co.,* 102 Ga. App. 190 (115 SE2d 611); 17 CJS 786, Contracts, § 100; *Morrow v. Southern Exp. Co.,* 101 Ga. 810, 812 (28 SE 998); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233); *Breed v. National Credit Assn.,* 211 Ga. 629, 632 (88 SE2d 15).

The case of *Wells v. H. W. Lay & Co.,* 78 Ga. App. 364 (50 SE2d 755), which is strongly relied upon by the defendant, is not controlling here, as the court in that case was clearly dealing with an agreement to agree in the future, the terms of which future contract had not been agreed upon; and the court therein held in headnote 2 that: "A contract, to be enforceable, must be so certain and complete in its terms that either party may have an action on it." The court in the opinion stated at 366, 367: "In paragraph 2 of the original petition, it is alleged that, if the application is granted, the company *would enter* into a bilateral contract with petitioner. . . Thus construed, the petition alleges that the contract will be entered into after securing the permit. . . Nor does it appear that all the terms of the contract were ever agreed upon. . .

" 'If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even though the negotiations evidence a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must still follow that a valid and binding contract was not made as of the earlier date.' National Bank of Kentucky v. Louisville Trust Co., 67 F2d 97, 102. 'Unless all the terms and

conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect.' 17 CJS 394. See also *Board of Drainage Commissioners v. Karr & Moore*, 157 Ga. 284 (121 SE 298). 'An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto.' Rosenfield v. United States Trust Co., 290 Mass. 210 (195 NE 323, 122 ALR 1210, 1216)."

It is thus apparent that the *Lay* case does not stand for the proposition that a present contract, certain and complete in its terms, may not be predicated upon a future contingency; and under the allegations of count 1 of the petition, as supported by the evidence, the parties here had executed such contract and had not merely reached a preliminary and indefinite agreement to agree in the future.

Accordingly, a finding was not demanded for the defendant as a matter of law on the pleadings or proof, and while the evidence was in sharp conflict on certain issues, the verdict rendered by the jury was fully authorized. The trial court did not err therefore in overruling the general demurrer and in denying the motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial.

■ Special ground 4 which assigned error on an excerpt from the charge of the court on the sole ground that the charge was erroneous and not sound as an abstract principle of law is without merit. The principle of law embraced in the criticized charge is set forth word for word in *Western &c. R. Co. v. Michael*, 42 Ga. App. 603 (5) (157 SE 226), and is clearly correct as an abstract principle of law. *Western &c. R. Co. v. Evans*, 96 Ga. 481 (23 SE 494); *Southern Bank v. Goette*, 108 Ga. 796 (33 SE 974); *Southern R. Co. v. Hobbs*, 121 Ga. 428 (49 SE 294); *Perry v. Kimberly Jewelry Co.*, 68 Ga. App. 568, 570 (23 SE2d 471).

An exception that a charge is erroneous and unsound as an abstract principle of law raises only the question as to whether the principle of law embraced in such charge is, standing alone, a sound pronouncement of law, *Tucker v. State*, 25 Ga. App. 196 (1) (102 SE 880), *Bankers Health &c. Ins. Co. v. Givens*, 43 Ga. App. 43 (157 SE 906), *White v. State*, 141 Ga. 526 (1a) (81

SE 440), *Mutual &c. Assn. v. Hickman*, 100 Ga. App. 348, 363 (111 SE2d 380); and unless the criticized charge is incorrect on its face, such assignment of error is without merit, as the court will not determine whether such charge was adjusted to the pleadings and evidence or was otherwise proper. *Anderson v. Southern R. Co.*, 107 Ga. 500, 501 (4) (33 SE 644).

■ The trial court did not err as contended in special ground 5 in failing to charge the jury without request as follows: "I charge you that the testimony of a party appearing as a witness in his own behalf should not be construed most strongly against him unless that testimony is vague, equivocal, and ambiguous." This proposed but unrequested charge was merely elaborative and explanatory of the charge as delivered, and the trial court did not err in failing to give it in the absence of a timely written request to charge. *Downer v. Bazzell*, 216 Ga. 712 (2, 4) (119 SE2d 556); *Lowe v. Athens Marble &c. Co.*, 104 Ga. App. 642, 646 (122 SE2d 483); *Jacobs' Pharmacy Co. v. Paschal*, 145 Ga. 346 (89 SE 213); *Lightfoot v. Southeastern Liquid Fertilizer Co.*, 102 Ga. App. 512 (3) (116 SE2d 651).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*