23692. SALISBURY v. THE STATE.

DUCKWORTH, Chief Justice. The appellant was indicted, tried and convicted of robbery by force. In accordance with the verdict of guilty with a recommendation of mercy and sentence of twenty years, he was sentenced to this period of servitude. The appeal is from the judgment and sentence with numerous enumerations of error involving objections to evidence, the failure to allow evidence, a refusal of a request to charge, the denial of a motion for mistrial, and alleged abuse of counsel by the court which deprived the defendant of a fair and impartial trial. *Held:*

1. When a defense witness had testified that she knew the ac-

cused was at another place than the place where the crime was committed at the proven time of the crime, it was permissible for the State's attorney on cross examination to ask her if she reported this fact to the officers or to anyone. This circumstance bears upon her credibility. Of course no law required her to so report, but the request to charge went further and would have instructed the jury so as not to allow their consideration of her failure to report as it might reflect upon her credibility. There is no error in enumerations 1 and 2. A sifting cross examination is an effective means for discovering the truth and is a right conferred by law (*Post v. State*, 201 Ga. 81 (39 SE2d 1); *Code* § 38-1705), which must not be destroyed by a charge as here requested. *Downer v. Bazzell*, 216 Ga. 712 (119 SE2d 556).

2. For two reasons the third enumeration of error is without merit. The complaint is that it was error to allow a State's witness to testify that a victim of the robbery identified the accused. First, the ruling in *Montos v. State*, 212 Ga. 764 (95 SE2d 792), supports the ruling allowing the testimony. Second, defense counsel on cross examination had the witness go into detail as to what was said by the victim. Defendant would not be helped by ruling out the direct testimony, and he will not be heard to complain of the testimony elicited by his counsel.

3. The trial judge is empowered by the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805 (f)) to make corrections in the transcript or record. There is no merit in enumeration 4 complaining of such action by the judge.

4. The record upon which enumeration 5 is based is confused by all the talk in the judge's chambers by many persons, most of which is irrelevant and will not be recited here. Yet, since the basis of alleged error is the judge's refusal to allow defendant's counsel to recall as witnesses the two convicts there involved for the purpose of testifying to what they said there, we find one thing the witness Spurling stated which was relevant and beneficial to the accused. That statement was: "I know the boy [accused] didn't do the robbery." This is not the expression of an opinion but rather the assertion of a fact of which he had knowledge. It is possible that he would have explained it by saying he was in company with the accused at a place other than that of the crime at

the time it was committed. It is not a valid argument to say the accused had two witnesses who swore to an alibi. He had a right to use as many as he wished for this purpose. Furthermore, the State had used a number of impeaching witnesses who testified that they would not believe the other alibi witnesses on oath. This court abhors useless delays in disposing of cases, and it does not allow its decisions to be delayed, but where as here the trial court refused to consume a few minutes to allow a witness to testify in behalf of the accused, we have no alternative but to reverse the judgment and to order a new trial despite the delay of final judgment that results. At the resumption of the trial the judge advised counsel he would not allow the convicted criminals to testify and for counsel to make any objection he wanted to go into the record. Defense counsel then stated he would like to call them to testify to the facts they had given in the judge's chambers, and he would have been in the position of defying the judge had he then called them as witnesses after the judge had ruled he would not allow them to testify. Accused persons are entitled to have witnesses who are present and willing to testify to matters favorable to them, allowed to so testify, and it was error to deny this accused that right.

5. Enumerations 6 and 7 asserting that because of the judge's treatment of counsel for the accused he was denied the benefit of counsel, and number 8 complaining of the refusal to grant a mistrial, are all without merit. This record reflects constant quibbling between the judge and counsel, and it is difficult to say that either was wrong. There was no basis whatsoever for a mistrial. Neither the judge nor the jury heard the statements complained of, and, if they had, it would not have been grounds for a mistrial.

6. For the reason stated in Headnote 4 above, the judgment is reversed.

*Judgment reversed. All the Justices concur.*

Argued September 15, 1966—Decided September 22, 1966—
Rehearing denied September 30, 1966.

*George G. Finch,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Robert Sparks, J. Walter*

*LeCraw, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.