### A10A1571. MILLWOOD v. ART FACTORY, INC.
(702 SE2d 7)

SMITH, Presiding Judge.

Rocky Millwood appeals from the trial court's order denying his motion for a temporary restraining order and an injunction against Art Factory, Inc. Millwood contends the trial court erred when it determined that Art Factory "never entered into an enforceable contract with [him]." Based upon the lack of a transcript of the hearing on the motion for injunctive relief, we affirm.

The record shows that Art Factory issued a detailed written call for artists that stated:

> The Art Factory announces a call for proposals for an outdoor mural painting focused on the theme "Water." This project will be painted on the Wrightsboro Rd. wall of the newly refurbished Augusta Water Works facility at Highland Avenue and Wrightsboro Road. . . .
>
>    Artists must reside in the CSRA, complete an original un-signed design in color on provided template and submit design for juried selection by *January 25, 2010*. Design must incorporate the theme of "Water" and be in colors true to finished project. Artists may submit only one design. The winning submissions will become the property of the Art Factory. . . .
>
> Jurists will select only six artists to complete one each of six paintings. Walls vary slightly in size and finished paintings will be approximately 12' x 31'. . . .
>
> Selected artists must contract with the Art Factory to begin work in March 2010 pending any weather challenges and must be completed by June 1, 2010. *All supplies, including acrylic paints, brushes, and scaffolding necessary to complete painting, will be provided. Artists will receive an honorarium of $4,500 upon completion.* . . .

(Emphasis in original.) Millwood submitted a proposal and learned on February 1, 2010, "that he had been chosen as one of the six artists to work on the project." The Executive Director of the Art Factory told him in the same telephone call that she "would be back in touch with him about the signing of the contract." When she later learned that Millwood "may have copied his submission from a photograph published by another artist," she called Millwood, who acknowledged that "he had indeed copied his work from a photograph on the internet and that he did not have permission to do so." She "then resubmitted his work to the judges for a determination as to whether it should be disqualified. The judges determined that [Millwood]'s submission was copied from another artist's photograph and should be disqualified as it was not an original work."

The Art Factory chose another artist and by February 24, 2010, it "entered into written contracts to begin the project" with six other artists. The written agreement used by the Art Factory with the six other artists contained the same essential terms as the call for artists.

On February 16, 2010, Millwood filed suit against Art Factory asserting claims for breach of contract, fraud, deceptive trade

practices, injunctive relief, and attorney fees. On February 24, 2010, the trial court held a hearing on Millwood's request for injunctive relief, and both parties submitted hearing briefs on the same date. The trial court denied Millwood's motion on March 10, 2010, based upon the following findings:

> In order for the Court to grant Plaintiff's Motion for injunctive relief, the Plaintiff must establish that a contractual relationship existed between Plaintiff and Defendant. After considering the evidence presented, the Court finds that Defendant never entered into an enforceable contract with Plaintiff. In addition, the Court finds that Defendant fairly considered Plaintiff's submission along with those of the other entries, and otherwise treated him fairly and reasonably, and not in breach of any legal duty. Therefore, Plaintiff has failed to establish a likelihood of success in his underlying claim.
>
> Plaintiff has further failed to show that he would suffer irreparable injury without the issuance of an injunction.

The day after the trial court issued its written order denying the motion for an injunction, the Art Factory moved for entry of a final judgment in its favor on the merits. Millwood filed a notice of appeal to this court before the trial court ruled on the request for entry of a final judgment.[1] Millwood's notice of appeal states: "No transcripts are requested to be included in the Record."

Millwood argues that a contract was created when the Executive Director informed him that his submission had been approved by the jurists because all of the essential elements of a contract were laid out in the Call for Artists. The Art Factory contends that no valid contract was created because: (1) Millwood never entered into the written[2] contract specified in the Call for Artists, and (2) Millwood's proposal did not comply with the request for "original" work and was therefore an acceptance that did not match the terms of the offer.

"The party asserting the existence of a contract has the burden of proving its existence and its terms. The requisites of an explicit contract are a meeting of the minds of the parties, mutuality, and the clear expression of the terms of the agreement." (Citations omitted.)

---

[1] The record does not demonstrate that the trial court granted this request, perhaps because "a trial court cannot make a final determination of the issues unless the interlocutory hearing is consolidated with the trial of the action on the permanent injunction as authorized by OCGA § 9-11-65 (a) (2)." (Citation omitted.) *Sneakers of Cobb County v. Cobb County*, 265 Ga. 410 (1) (455 SE2d 834) (1995).

[2] The Call for Artists does not specify that the contract be in writing.

*Jackson v. Easters*, 190 Ga. App. 713, 714 (1) (379 SE2d 610) (1989). In this case, the Call for Artists laid out all of the essential terms of the contract, including the condition that a submission must be selected by a panel of judges. After Millwood's submission was selected by the judges, a binding oral contract could have been formed despite the fact that no written contract was ever executed by Millwood and the Art Factory. See, e.g., *Rothberg v. Charles H. Hardin Constr. Co.*, 111 Ga. App. 41, 45-46 (1) (140 SE2d 520) (1965) (explaining difference between satisfaction of condition and unenforceable agreement to agree).

Therefore, the outcome of this case cannot turn on the lack of a written contract. See *Coldmatic Refrigeration &c. v. Hess*, 257 Ga. App. 753, 754-755 (1) (572 SE2d 6) (2002) (contract to enter into future contract of no effect, "unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations"). Instead, it turns on whether Millwood's submission was an "original . . . design" as specified in the Call for Artists. "To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." (Citation and punctuation omitted.) *Jones v. Frickey*, 274 Ga. App. 398, 401 (618 SE2d 29) (2005). If Millwood's design was not original, then his submission — that is acceptance — did not match the offer, and no contract was formed. If his design was original, then a valid contract may have been formed. The issue of originality at this stage of the case is one of fact, not law.

The trial court's order states that evidence was presented at the hearing on the motion for an injunction, but Millwood elected not to provide this court with a transcript of this hearing. "[T]he failure to include an evidentiary transcript generally results in an appellate court affirming the trial court, because it cannot review the evidence upon which the trial court based its ruling and thus must assume that the evidence was sufficient to support it." (Citation and punctuation omitted.) *Backensto v. Ga. Dept. of Transp.*, 291 Ga. App. 293, 294 (661 SE2d 647) (2008). Because we cannot determine what evidence was considered by the trial court, we cannot determine whether it erred by concluding that the parties did not enter into an enforceable contract. Because Millwood cannot demonstrate error by the record, we affirm the trial court's denial of his motion for injunctive relief. *Magnolia Court Apartments v. City of Atlanta*, 249 Ga. App. 6, 7-8 (545 SE2d 643) (2001).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 21, 2010.

*Robert A. Mullins*, for appellant.

*James E. Enoch, Jr.*, for appellee.