[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 21-14030

Non-Argument Calendar

————————————————

TORU TANAKA GOTEL,

                                                    Plaintiff-Appellant,

*versus*

SHAWN CARTER,

                                                    Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00388-TES

————————————————

Before ROSENBAUM, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Toru Gotel, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of her civil complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  After review, we affirm.

## I.  BACKGROUND

### A.  Gotel's Complaint in 2021

On November 1, 2021, Gotel *pro se* filed a form civil complaint alleging a breach-of-contract claim against Shawn Carter and seeking damages of $40 million.  Gotel also sought to proceed *in forma pauperis* ("IFP").  Carter is known professionally as the rapper Jay-Z.

Gotel's complaint alleged: (1) that in 1992, she entered into a contract with Carter and "Jermani Depree" for part ownership of So So Def Entertainment; (2) that she was supposed to receive $40 million in 2012, "[a]fter twenty years was up"; and (3) that she never received any money under the contract.  These are Gotel's only factual allegations.  Gotel did not attach a copy of the contract to her complaint or allege any other details about the contract, its terms, or the circumstances leading to its execution.

This is not Gotel's first lawsuit against Carter.  Before further discussing Gotel's 2021 civil complaint, we review her prior civil complaint against Carter.

### B.  Gotel's 2018 Amended Complaint

In 2018, Gotel *pro se* filed a civil complaint asserting claims against Carter, including a claim that since 1992 she had had a sexual relationship with Carter, during which he promised to pay her millions of dollars but that she had never received any money. After directing Gotel to file an amended complaint, the district court *sua sponte* dismissed Gotel's amended complaint without prejudice under § 1915(e)(2)(B) for failure to state a claim.  The district court explained that Gotel's amended complaint was devoid of dates, specific factual allegations, or specific legal claims and, even when construed liberally, failed to state a claim that was plausible on its face.

Gotel appealed, and this Court affirmed.  *See Gotel v. Carter*, 785 F. App'x 748 (11th Cir. 2019).  The Court agreed with the district court that Gotel's "complaint lacked dates, factual allegations, and the legal elements of the claims she made." *Id.* at 750.  As an example, the Court pointed out that Gotel "failed to provide the district court with any factual allegations concerning any discussions, negotiations, or bargained-for terms between her and Jay-Z that could be construed as establishing a binding contract." *Id.*  We now return to this case.

### C.  District Court's Dismissal of Gotel's 2021 Complaint Without Prejudice

In its November 4, 2021 order, the district court first granted Gotel IFP status.  Next, as for Gotel's contract claim, the district

court noted Gotel's prior attempt to sue Carter, which also alleged a 1992 promise of money, that was dismissed for lack of crucial information. The district court concluded that Gotel's current complaint "suffer[ed] from the same fatal flaw," but that "statute-of-limitation issues also spell[ed] 'Trouble' for [Gotel's] claim."

The district court described Gotel's complaint as factually naked, pointing out that it did not even allege whether the 20-year contract was oral or in writing. The district court noted (1) that an oral contract would be subject to Georgia's four-year statute of limitations, *see* O.C.G.A. § 9-3-25, and (2) that Gotel's 20-year contract with Carter had to be in writing and signed by Carter to be binding under O.C.G.A. § 13-5-30(5), Georgia's Statute of Frauds. The district court concluded that, even when Gotel's 2021 complaint was construed liberally to allege a written contract, her claim was barred by O.C.G.A. § 9-3-24, Georgia's six-year statute of limitations for simple written contracts. Finally, the district court noted that Gotel "failed to include any factual allegation to lead the Court to deduce that the alleged contract was under seal" in order for O.C.G.A. § 9-3-23's 20-year statute of limitations to apply.

Determining that it was apparent from the face of the complaint that Gotel's breach-of-contract claim was time-barred, the district court concluded that dismissal under § 1915(e)(2)(b)(ii)

for failure to state a claim was appropriate.[1]   The district court dismissed Gotel's complaint without prejudice.

In a footnote, the district court advised Gotel that if she wanted "to reassert her claims in another lawsuit, she [would] need to provide sufficient factual detail not only to state a plausible claim for relief," but also to establish that venue was proper in the Middle District of Georgia.  Further, the district court advised that, given that O.C.G.A. § 9-3-23's 20-year statute of limitations required the instrument to be under seal, "it may be helpful for Plaintiff to submit a copy of her and Jay-Z's contract simultaneously with her new Complaint."

Gotel filed a timely notice of appeal citing the district court's November 4, 2021 dismissal order.

At the same time, Gotel also filed an amended complaint in the district court.  Gotel's one-page amended complaint consists of two numbered paragraphs stating: (1) that her 1992 contract with Jay-Z was for 25 years and that she made a mistake when she alleged a 20-year contract; and (2) that she "was supposed to be mail[ed] a copy of the contract in 1992," but that she had a witness, Jermaine Dupree, who was part of So So Def Entertainment and was present at the time the contract was signed.

---

[1] While the district court noted that Gotel's allegations also appeared to be clearly baseless, fanciful, fantastic, and delusional, the court ultimately did not dismiss the complaint as frivolous under § 1915(e)(2)(b)(i).

Although the amended complaint remains pending on the district court's docket and is not the subject of this appeal, we take judicial notice of the fact that her amended complaint (1) still does not allege that the contract was under seal, (2) essentially admits she does not have a copy of a written contract, whether under seal or not, and (3) does not even allege that Jermaine Dupree has a copy of a written contract, but only that Dupree was present when it was signed.

## II. DISCUSSION

### A.    Dismissals Under § 1915(e)(2)(B)(ii)

Pursuant to § 1915(e)(2)(B)(ii), district courts shall dismiss the complaint of any plaintiff proceeding IFP if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The same standard that governs dismissals under Federal Rule of Civil Procedure 12(b)(6) applies to dismissals under § 1915(e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under that standard, a plaintiff's complaint must be dismissed if it does not contain enough factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974

(2007)).[2]   While a well-pleaded complaint does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers nothing more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. *Id.* (quotation marks and alterations omitted).

Stating a plausible claim requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Allegations that permit the court to infer only "the mere possibility of misconduct" do not show the plaintiff is entitled to relief. *Id.* at 679, 127 S. Ct. at 1950.

The pleadings of a *pro se* plaintiff like Gotel are construed liberally. *Alba*, 517 F.3d at 1252. Even so, a *pro se* plaintiff must allege some factual support for a claim, as required by *Iqbal* and *Twombly. Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

---

[2] This Court reviews *de novo* a district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

## B.  Dismissal of Gotel's Complaint as Time-barred

The district court concluded that Gotel's complaint failed to state a plausible claim because it was apparent on its face that her breach-of-contract claim was time-barred.

Dismissal for failure to state a claim on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  As the district court concluded, to the extent Gotel's alleged contract was an oral contract or a simple written contract, it is apparent from the complaint itself that her claim is time-barred under Georgia's four-year statute of limitations for oral contracts and six-year statute of limitations for simple written contracts.

The remaining question, however, is what about written contracts under seal?

The district court faulted Gotel for failing to include factual allegations that the alleged contract was under seal.  Generally speaking, a statute of limitations bar is an affirmative defense, and the plaintiff ordinarily is not required to negate an affirmative defense in her complaint.  *Id.*  The circumstances here are far from ordinary.  This is not Gotel's first lawsuit attempting to sue Carter for failure to pay her millions of dollars.  In this second lawsuit, Gotel still has not produced a contract or even alleged factual details about it.  Further, in its order dismissing this second lawsuit, the district court pointed out Gotel's failure to allege the purported

contract was under seal. And in her amended complaint Gotel still does not allege the contract was under seal. To the contrary, she essentially admits she does not have a copy of it and alleges only that Jermaine Dupree saw it signed. She does not allege Jermaine Dupree has a copy. Given the unique circumstances here, we cannot say the district court erred in dismissing Gotel's complaint without prejudice as time-barred.

## C. Alternative Ruling

It is well established that "this Court may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Even if Gotel's 2021 complaint is not time-barred, the district court did not err in dismissing Gotel's complaint for failure to state a claim for breach of contract under Georgia law.

To establish a breach-of-contract claim, a plaintiff must first show a valid contract. *See Millwood v. Art Factory, Inc.*, 306 Ga. App. 164, 166, 702 S.E. 2d 7, 9 (Ga. Ct. App. 2010) ("The party asserting the existence of a contract has the burden of proving its existence and its terms."(quotation marks omitted)). One of the "essential" elements of a valid contract is consideration. *See* O.C.G.A. § 13-3-1 ("To constitute a valid contract, there must be . . . a consideration moving to the contract . . . ."). Indeed, a contract lacking consideration is unenforceable. *Id.* § 13-3-40(a)

("A consideration is essential to a contract which the law will enforce. An executory contract without such consideration is called nudum pactum or a naked promise."). "To constitute consideration, a performance or return promise must be bargained for by the parties to a contract." *Id.* § 13-3-42(a). Further, "[a] performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." *Id.* § 13-3-42(b).

Here, Gotel's 2021 complaint did not allege sufficient facts—such as discussions, negotiations, bargained-for terms, or the specific conditions upon which she and Carter entered the contract—from which a court could reasonably infer the existence of a valid contract. At most, Gotel's complaint alleges that in 1992 Carter promised to give her part ownership of So So Def Entertainment and to pay her $40 million at the end of twenty years (or 25 years under her amended complaint). But her complaint does not allege what, in exchange, Gotel promised or agreed to do or to forbear from doing. *See* O.C.G.A. § 13-3-42(b); *see also Dekalb Cnty Sch. Dist. v. Gold*, 307 Ga. 330, 336, 834 S.E. 2d 808, 813 (Ga. 2019) (explaining that a bargained-for exchange of promises or performance constitutes the necessary consideration to make a valid contract). Absent an allegation that Gotel bargained for and gave consideration, Carter's alleged promise to give her part ownership of So So Def Entertainment and pay her $40 million is gratuitous and unenforceable. *See Gill v. B & R Int'l, Inc.*, 234 Ga. App. 528, 531, 507 S.E. 2d 477, 481 (Ga. Ct. App. 1998)

(holding employer's promise to pay severance benefits for which employee did not agree to do anything in exchange was gratuitous and unenforceable).[3]

In short, Gotel's complaint contains only a conclusory allegation of a contract with Carter and does not contain sufficient factual content from which the court could reasonably infer the alleged contract is valid and enforceable under Georgia law. As such, Gotel's complaint does not allege a plausible claim for breach of contract.

For this reason, we affirm the district court's dismissal of Gotel's complaint without prejudice under § 1915(e)(2)(b)(ii) for failure to state a claim.

Gotel's amended complaint, filed on the same day as her notice of appeal, remains pending on the district court's docket. We leave the amended complaint for the district court to address as it deems appropriate in light of this opinion.

---

[3] Gotel's complaint also fails to allege any facts from which the court could reasonably infer any action or forbearance by Gotel in reliance on Carter's alleged promise that might state a claim of promissory estoppel under O.C.G.A. § 13-3-44. *See Bank of Dade v. Reeves*, 257 Ga. 51, 52, 354 S.E. 2d 131, 133 (Ga. 1987) ("Ordinarily the key difference between a promise supported by consideration and a promise supported by promissory estoppel is that in the former case the detriment is bargained for in exchange for the promise; in the latter, there is no bargain. The detriment is a consequence of the promise but does not induce the making of the promise." (quotation marks omitted)).

AFFIRMED.